## ALMIRA HERRINGTON

## V.

## AUGUSTUS M. HERRINGTON ET AL.

1. MORTGAGE—RIGHT OF POSSESSION BY MORTGAGEE—HOMESTEAD. —The decree found that as to a large portion of the amount the mortgage was superior to the wife's claim for homestead and dower. *Held*, that in default of payment of that portion to which dower and homestead was subject, the mortgagee's right of possession was as absolute as if it had constituted the whole. To avoid liability to dispossession, the wife was bound to pay, or tender, or otherwise discharge the superior claim, whether it was the whole or only a part of the mortgage indebtedness.

2. INJUNCTION AGAINST THREATENED TRESPASS.—Where the injury threatened is a mere trespass, to be consummated by a single act, and susceptible, in legal contemplation, of complete reparation by pecuniary damages, a court of equity will not interfere by injunction to restrain the act threatened.

3. DISSOLUTION OF INJUNCTION—RESTORATION OF PARTIES TO FORMER STATE.—Upon the dissolution of an injunction, it is proper to undo whatever has been wrongfully done by means of it. So, where a party being legally in possession under a writ of restitution, has been forcibly dispossessed, and afterward restrained by injunction from again taking possession, it is proper, upon dissolution of the injunction, to restore to him his former possession.

ERROR to the Circuit Court of Kane county; the Hon. CHARLES KELLUM, Judge, presiding.    Opinion filed August 8, 1882.

Mr. CHARLES WHEATON, Mr. F. G. GARFIELD and Mr. D. B. SHERWOOD, for plaintiff in error; that a court of equity will interfere to protect a person in the enjoyment of his homestead, cited High on Injunctions, § 438.

A decree providing for possession by the mortgagee before the expiration of the time of redemption, is bad: O'Brian v. Fay, 82 Ill. 87; Baker v. Scott, 62 Ill. 86; Flowers v. Brown, 21 Ill. 270.

An injunction will lie to prevent a trespass or to quiet possession: High on Injunctions, § 459; Kirlin v. West, 15 N. J. Law, 448; Rutherford v. Metcalf, 5 Harr. 58; Wangelin v. Goe, 50 Ill. 459.

A partial service of a writ of possession confers no rights; the defendants should be removed and the plaintiff put in *exclusive* possession: Freeman on Executions, § 474; Scott v. Richardson, 2 B. Mon. 510; Farnsworth v. Fowler, 1 Swan, 1.

The execution of the writ is not complete until the officer quits and leaves plaintiff in peaceable possession: Freeman on Executions, § 474; Adams on Ejectment, 343; Crocker on Sheriffs, § 571.

A judgment becomes a lien only from the last day of the term at which it was actually rendered: Jones v. Guthrie, 23 Ill. 421; Tenney v. Hemenway, 53 Ill. 97.

Courts exercise an equitable jurisdiction over writs of possession, and may recall them if justice requires: Oetgen v. Ross, 47 Ill. 142; Coleman v. Henderson, 2 Scam. 251; Flowers v. Brown, 21 Ill. 270; Johnson v. Watson, 87 Ill. 536.

Plaintiff in error had a right to gain full possession of the premises after the stay order in the ejectment suit: Freeman on Executions, § 477; 3 Washburne on Real Property, 127; Brown v. Smith, 83 Ill. 291.

A recovery can not be had in ejectment on an equity: Pitkin v. Yaw, 13 Ill. 251; Joy v. Berdell, 25 Ill. 537.

The assignment of a note secured by mortgage carries with it only an equitable interest in the mortgage: Edgerton v. Young, 43 Ill. 464; Hamilton v. Lubukee, 51 Ill. 415.

If the judgment or writ of possession was void, the defendants in error had no right to possession under it, and could be enjoined: Goodenough v. Sheppard, 28 Ill. 81; Brush v. Fowler, 36 Ill. 53.

The return of an officer may be contradicted: Owens v. Ranstead, 22 Ill. 161; Brown v. Brown, 59 Ill. 315; Hickey v. Stone, 60 Ill. 458; Wilday v. McConnell, 63 Ill. 278; Sibert v. Thorp, 77 Ill. 43; Jones v. Neeley, 82 Ill. 71; Davis v. Dresback, 81 Ill. 393; Nat. Bank v. Nat. Bank, 90 Ill. 56.

Messrs. BOTSFORD, BARRY & RUSSELL, and Mr. B. C. COOK, for defendants in error; that an injunction will not lie in this case, there being a complete remedy at law, cited Adams'

Herrington v. Herrington.

Equity, 210; Hamilton v. Stewart, 59 Ill. 330; Chesapeake & Ohio Co. v. Young, 3 Md. 480; Goodell v. Lassen, 69 Ill. 145; Cooper v. Hamilton, 8 Black, 277; West v. Walker, 2 Green's Ch. 279; Van Winkle v. Curtis, 2 Green's Ch. 422; Kerlin v. West, 2 Green's Ch. 449; Winkler v. Winkler, 40 Ill. 179; Dickey v. Reed, 78 Ill. 261; Stevens v. Beekman, 1 Johns. Ch. 317; Wangelin v. Goe, 50 Ill. 459; Fisher. v. Bd. of Trade, 80 Ill. 85; Baxter v. Bd. of Trade, 83 Ill. 146; Pfeltz v. Pfeltz, 14 Md. 376.

In this action the return of the officer is conclusive: Hunter v. Stoneburren, 92 Ill. 75; Owens v. Ranstead, 22 Ill. 161; Botsford v. O'Connor, 57 Ill. 72; Barrett v. Wolf, 70 Ill. 76; Fitzgerald v. Kimball, 86 Ill. 396.

A court of chancery has no power to dispossess a party of his property on an *ex parte* claim to it: The People v. Simonson, 10 Mich. 336; Salling v. Johnson, 25 Mich. 491; Railroad Co. v. Judge, 31 Mich. 457; McCombs v. Merryhew, 40 Mich. 725; Arnold v. Bright, 41 Mich. 209.

Plaintiff in error is estopped to deny the stipulation entered in the former suit: Rubber Co. v. Goodyear, 6 Wall. 155; Dinet v. Eigdnmann, 96 Ill. 41; Railway Co. v. Eastburn, 79 Ill. 141; Hibbard v. Mueller, 86 Ill. 256; Blair v. Reading, 99 Ill. 609.

PLEASANTS, J.    A. M. Herrington, one of the defendants in error, filed his bill against the plaintiff in error, to foreclose two mortgages executed by her deceased husband alone, but purporting and alleged to have been given for debts incurred for the purchase and improvement of the mortgaged premises, and also brought his action of ejectment to get possession, to both of which she interposed, by way of defense, a claim of homestead and dower.

At the October term, 1880, the parties stipulated that said causes might be heard by the judge in vacation, and final decisions entered as of that term. They were so heard and taken under advisement, but not until the next term were the decisions rendered and filed.

In the foreclosure case it was held that as against a large

portion of the mortgage indebtedness, she was not entitled to a homestead or dower, and in the ejectment case, it was ordered that judgment be entered for the plaintiff pursuant to said stipulation.

Decree and judgment were entered as of the last day of the October term aforesaid, and immediately thereupon, without special showing made or leave granted, the plaintiff sued out a writ of possession which was returned fully executed on the following morning, being March 2, 1881. On the same day defendant paid the costs, and obtained an order vacating said judgment, and granting a new trial under the statute, and also a further order staying proceedings, under the writ of which notice was at once duly served. On the 7th, plaintiff in error filed the bill herein, setting forth the facts above stated, and further averring that under said writ the sheriff had put the plaintiff's agent in possession of only the kitchen part of the dwelling-house; that on the 4th, said agent left the same, and she thereupon put out the things he had put in, and locked the outer door against him; that on the same day he returned, broke open said door and replaced said things, and that on the 5th said A. M. Herrington, with the other defendants named in the bill, turned her stock out of the stable and having demanded admission to and possession of the other parts of said dwelling-house and been refused, violently broke open an inner door and threatened to eject her, but refrained on account of the presence of neighbors, who, at her request, had come to protect her; and praying an injunction to prevent them from so doing, or in any manner interfering with her quiet and full possession.

Upon this bill a writ of injunction, ordered by the master, without notice to the defendants, was issued and duly served, and as part of the execution thereof the complainant was fully reinstated.

Several answers were filed by the defendants admitting and justifying said acts on their part upon the ground that the sheriff, by direction of said A. M. Herrington, had given permission to the complainant, upon her yielding to the writ and recognizing his possession of the entire premises, to re-

Herrington v. Herrington.

main in the exclusive occupancy of the other parts of said dwelling-house and to have the joint use of the kitchen and stable until by reasonable diligence she could make other arrangements, and that in violation of the express understanding to that effect, she had attempted to oust him in the manner stated, and thereby forfeited the privilege he had granted.

They also insisted that her remedy, if any, was at law, and therefore objected to the jurisdiction invoked.

Upon a hearing in vacation on the bill and answers, with affidavits in support thereof respectively, the circuit court dissolved the injunction, and afterward, at the term, dismissed the bill, assessed damages against the complainant and made an order restoring to the defendant, A. M. Herrington, full possession of the premises.

Complainant then sued out this writ of error and here claims that the judgment in the ejectment case, being entered as of the October term when it was in fact rendered at the succeeding February term, was not in pursuance of the stipulation nor authorized by the statute, but was void; that the writ of possession was therefore also void in law and was never executed in fact; that when the bill herein was filed, she was in actual possession and her right thereto to some extent was established by the finding in the foreclosure case; that as against a portion of the mortgage debt, she was entitled to a homestead and dower; that possession is the substance of a homestead estate; that a wrongful deprivation of it is an injury, which is irreparable, and that equity will therefore interfere by injunction to prevent it.

We think these positions involved misapprehension of the facts and law of the case in essential particulars. It was not adjudged, either in terms or effect, in the foreclosure case, that she had any right of possession as against the complainant therein, but the reverse.

As affecting this point, the finding that her claim of homestead and dower was superior to the mortgage for a portion of the debt was wholly unimportant, since it was also expressly held that it was subject to the mortgage for the residue.

For default in the payment of the latter, the mortgagee's right of possession was as absolute as if it had constituted the whole. The enforcement of this right was one of the means provided by the law for the realization of this portion of his debt, and she could not dictate to him the use of any othe·, foregoing or postponing this, for that purpose. To avoid lia.-bility to dispossession in the first instance, she was bound to pay, tender or otherwise discharge the superior claim, and equally so whether it was the whole or only a portion, however small, of the mortgage indebtedness.

If then the judgment and writ of possession had been void, and his entry therefore tortious (which we do not concede or think necessary to decide) her damage thereby would be only nominal, because he had the right of possession. Reeder v. Purdy, 41 Ill. 279 (289).

She could recover no more unless there was also a trespass to her person or personal property. *Ibid.*

The question therefore is, whether a party who, being entitled to possession, threatens to enter by wrongful force, involving trespass to the person or personal property of the tenant, which would subject him to liability for substantial or even punitive damages, will be restrained by injunction where he objects to the jurisdiction of equity. We think not. The substantial injury threatened, if any, being a mere trespass to be consummated by a single act and susceptible in legal contemplation of complete reparation and punishment besides, by pecuniary damages to be awarded in an action at law, equity will not interfere. High on Injunctions, Secs. 468–462; Goodell v. Lassen, 69 Ill. 145 : Hamilton v. Stewart, 59 Id. 330.

It was not error then to dissolve the injunction and dismiss the bill, which on its face was insufficient to support the jurisdiction.

The remaining question is as to the propriety of the order reinstating the defendant in error in possession.

· We apprehend it was proper, on the dissolution of the injunction, to undo whatever had been wrongfully done by means of it—to restore the *status quo*, without regard to the

means by which it had been established.    Wangelin v. Goe,
50 Ill. 450.

Who, then, was in possession when the injunction issued?
It is conceded that the plaintiff in error was in the occupancy
of the premises, at least jointly with the defendant, A. M.
Herrington, and perhaps exclusively as to a part of them.
He claims, however, that such occupancy was temporary, per-
missive, and by her express agreement subordinate to his
possession of the whole.

It may not have been necessary, in order to a complete and
effectual execution of the writ, that she and her goods should
be entirely removed.    If she acquiesced in its service, recog-
nized his possession by his agent as thereby fully accom-
plished, and agreed that her occupancy thereafter should be of
the character he claims it was, it was sufficient.    Freeman on
Executions, Sec. 474; Smith v. White, 5 Dana (Ky), 376; Farns-
worth v. Fowler, 1. Swan. (Tenn.) 4.    Whether she did so ac-
quiesce and agree was matter of dispute and the evidence on
that subject was conflicting.    The affidavits of plaintiff in
error, her sister, and a lady friend, concur in stating that al-
though the sheriff, on the occasion referred to, told her he
had a writ for the premises, he demanded possession of only
one room in the house and room for one team in the barn,
to which she yielded under protest, and that she made no
agreement with him in respect to the other parts or to her
occupancy.    On the other hand it is fully shown that Mr.
Herrington expressly directed the sheriff to serve the writ as
pleasantly and with as little inconvenience to the defendant
therein as would be consistent with its due execution; not to
put her or her property out in the snow unless she should
make it necessary, but so to provide, if possible, as that she
might remain in the occupancy of a part of the premises, sub-
ject to his possession, until she could make other arrange-
ments; and seeing also that he knew his duty under the writ,
informed her of it, had ample power to perform it, met with
no forcible resistance and acted under the eyes of plaintiff's
agents, who were known to be aware of these instructions and
were to take part in their execution, it is somewhat difficult

to believe that the sheriff demanded and took only a small part of the premises without any action whatever or any understanding with the tenant as to the residue. It further appears that after she had been informed of his authority and purpose she voluntarily gave him the key of the outer door to the kitchen and directed her hired man to let plaintiff's agents put his team in the barn.

These circumstances together with the return, which was at least *prima facie* evidence of the fact therein stated, and the testimony of the officer and of the two agents referred to as to its execution, doubtless persuaded the circuit court that she did yield possession of the parts taken, and consent to occupy the other only temporarily, by permission of the plaintiff given according to his instructions and subject to his possession of that also. In our judgment they fairly outweigh the three affidavits to the contrary. It would not be strange if women, excited by such novel and adverse proceedings, with their interests and sympathies all on that side, should retain a livelier recollection of the protests at first made, and of the reluctance to acquiesce than of the acquiescence. If we are right in this conclusion, her subsequent attempt to oust the defendant in error by locking the door against his agent when he had gone out but for a few moments, leaving his things with evident intention to return, was unavailing, for the reasons that by her own agreement her possession was his, and that she had no legal right as against him—her claim thereto having been adjudicated upon a full hearing, and declared invalid.

Being in possession, then, when the injunction issued, his dispossession by means of it was wrongful, and the order of restitution made upon its dissolution was proper.

Finding no substantial error in the record the decree of the circuit court is affirmed.

Decree affirmed.