## VANZANDT v. ARGENTINE MIN. Co.

*(Circuit Court, D. Colorado. November, 1880.*

INJUNCTION—VIOLATION—PROSECUTION FOR CONTEMPT.

Upon the filing of a bill alleging plaintiff's ownership of a silver mine then in defendant's possession, a preliminary injunction was granted, restraining defendant from taking ore therefrom pending the suit. Plaintiff thereupon ejected defendant, and himself took possession. On application to the court, plaintiff was ordered to restore the possession, and abstain from further interference therewith pending the suit. *Held*, that plaintiff was not also punishable for contempt as for a violation of his own injunction, as it did not in terms forbid him to take possession.

In Equity. Prosecution for contempt in violating an injunction.

The bill alleged plaintiff's ownership of a certain silver mine in Colorado, then in the possession of the defendant; and upon his application a preliminary injunction was granted, restraining defendant from mining or disposing of any ore pending the suit. Afterwards plaintiff ejected the defendant, and himself took possession of the mine. Upon application by defendant, and proof of this fact, an order was made, requiring plaintiff to restore possession, and to abstain from further interference therewith pending the suit. Thereupon defendant also moved for an order requiring plaintiff to show cause why he should not be punished for contempt in violating his own injunction.

*Dixon & Reed*, for the motion.

*Thomas & Campbell*, contra.

Before McCRARY and HALLETT, JJ.

McCRARY, J. 1. A proceeding for contempt is in the nature of a criminal proceeding, and to be governed by the strict rules of construction which prevail in criminal cases. Its purpose is not to afford a remedy to the party complaining, and who may have been injured by the acts complained of. That remedy must be sought in another way. Its purpose is to vindicate the authority and dignity of the court. *Haight* v. *Lucia*, 36 Wis. 355.

2. We cannot hold that the complainant has subjected himself to this summary criminal proceeding by taking ore from the mine in dispute. Strictly speaking, the writ of injunction did not restrain the complainant from so doing. Its only effect was to restrain the defendant, and to subject its agents to punishment in case of a violation of the order. The injunction did not by its terms, or of its own force, forbid the complainant to interfere with the possession of the mine pending the suit, and therefore he cannot be held to answer in this proceeding. It does not follow, however, that a complainant, in such a case as the present, can with impunity do the acts which, at his instance, the defendant has been restrained from doing. Where, as in this case, the evident purpose of the writ is to preserve the existing *status* of property in litigation until a final adjudicating can be had, it is a gross abuse of the process of the court for the complainant to disregard his own injunction, after having by means thereof tied the hands of his adversary; and no doubt the court has ample power to prevent or redress such abuse. In this case the court did redress it, by ordering the complainant to restore the property to defendant, and to abstain from any further interference with the possession thereof pending the suit. If defendant had desired and asked a dissolution of the injunction, the court might have granted it, on the ground that complainant was no longer entitled to the exercise of the discretionary power of the court for his protection. See remarks of LYON, J., on the point, in *Haight* v. *Lucia*, *supra*. Motion denied.

HALLETT, J., concurs.