WILLIAM H. WALKER v. HARRY E. WALKER.

(Filed September 6, 1906.)

1. **PLEADING & PRACTICE—Findings of Referee—Waiver.** In submitting the action, by agreement, on the evidence taken before the referee, the plaintiff waived his motion for judgment on the finding of referee, and thereby submitted the cause, on the pleadings and the evidence, for the determination of the court.
2. **COSTS—Action for Accounting.** In an action for an accounting, the statute confers discretionary power on the court to apportion the cost as it may think right and equitable.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before James K. Beauchamp, Trial Judge.*

*H. J. Sturgis,* and *Moore & Moore,* for plaintiff in error.

*W. S. Denton,* for defendant in error.

STATEMENT OF FACTS.

Action brought in the district court of Garfield county for an accounting, and for the dissolution of a partnership composed of William H. Walker and Harry E. Walker, under the firm name and style of Walker Brothers.

By agreement of parties, the cause was referred to a referee to take the evidence and report his findings of fact and conclusions of law thereon. In accordance with this·

agreement the cause was referred to C. H. Parker, as referee, who heard the evidence, had the same reduced to writing, and made his findings of fact and conclusions of law thereon.

The referee, in his first report, found that there should be charged to the plaintiff the sum of $3,990.33 and that he should be credited with the sum of $2,678.72; and that there should be charged to the defendant the sum of $3,748.00, and that there should be credited to him the sum of $2,426.00.

To this report and findings of the referee, the plaintiff filed exceptions, and the court, without consideration·of the report, or the exceptions thereto, and˙by consent of the parties, re-committed said cause to the referee for additional evidence and findings of fact.

Thereafter the referee made his second and final report, and found as a result of said accounting that there should be charged to the plaintiff the sum of $3,256.23, and that he should be credited with the sum of $3,054.12. That there should be charged to  the defendant  the  sum  of $5,026.08, and that he should be credited with the sum of $2,401.13, and recommended judgment in accordance therewith.

The plaintiff filed a motion to confirm this report of the referee, and the defendant objected to the confirmation of the report, and filed numerous exceptions thereto.

Thereupon, and on the 20th day of June, 1903, by agreement of parties, the cause was submitted to the court, on the evidence taken before C. H. Parker, referee, and the court, having considered the testimony, having heard the argument

of counsel, and being fully advised in the premises, found in favor of the plaintiff for the sum of $309.64, and assessed the costs equally between the plaintiff and defendant. To which ruling, findings and judgment of the court the plaintiff, as well as the defendant, excepted and exceptions were allowed.

Thereafter the plaintiff, in due time, filed his motion for a new trial, which motion was overruled and exception saved, and he brings the case here for review.

Opinion of the court by

HAINER, J.: It is contended by the plaintiff in error, that the court erred in failing to confirm the report of the referee, and rendering judgment in accordance therewith. This contention 'is not well taken. The judgment of the court shows that at the time the cause came on for hearing on the motion to confirm the report of the referee, and on the objections and exceptions of the defendant, the cause was submitted, by agreement of the parties, to the court on the evidence taken before the referee, which evidence was fully transcribd and returned with the referee's report. By submitting the cause, by agreement, on the evidence taken before the referee, the plaintiff waived his motion for judgment on the findings of the referee, and thereby submitted the cause on the pleadings and the evidence. An examination of the record shows that there was ample evidence to uphold the judgment of the court. And it is the settled doctrine of this court that where there is sufficient evidence to reasonably sustain the judgment and findings of the court, such findings will not be disturbed, although the evidence is conflicting.

It is next contended that the court erred in dividing the costs equally between the parties. There was no error in the taxation of costs, since in an action of this kind the statute confers discretionary power on the court to apportion the costs as it may think right and equitable. Sec. 585 Wilson's Annotated Code of Civil Procedure.

There being no error in the record, the judgment of the court below is therefore affirmed.

All the Justices concurring.