## MORRIS BROWN v. LAURA DONNELLY.

(Filed September 5, 1907.)

(91 Pac. 859.)

1.  INJUNCTION—Dissolution at Chambers Upon Defendant's Motion —Review—Harmless Error. A district judge at chambers (proper notice having been given of the time and place of hearing) has power to dissolve a temporary injunction, even though it was granted upon a hearing at which both parties were present. The statute of Oklahoma, which provides that where a temporary injunction is granted without notice to the defendant, he may upon notice apply to have the same dissolved, confers upon the defendant the right to be heard by the court or judge upon such motion, and is not intended to prohibit the court or judge, in the exercise of discretionary powers, from hearing such a motion where the temporary injunction was granted upon notice in the first instance. This court will not reverse an order made by the judge of a district court at chambers on account of error in admitting or excluding evidence on a motion to dissolve a temporary injunction, unless such error affects the substantial rights of the party appealing.

2.  SAME—Public Land—Contest—Power of District Court. Where two persons are contesting in the land department over a tract of government land, and each is in possession of a portion thereof, the district court cannot, under the rules of equity jurisdiction, by mandatory injunction, take the land in the possession of one of the contestants and give it to the other.

3.  SAME—Temporary Orders—Modification. All orders made by a district court, or a judge thereof, on a hearing for a temporary injunction or on a motion to dissolve the same, in so far as they affect the subject in controversy, are only temporary and may be modified in the final judgment, giving to the respective parties that order or judgment which the rules of equity require.

4.  SAME—Case. Where two persons are contesting in the land department for a tract of government land, and one obtains by mandatory injunction land which was in the possession of the other, and plants the same to corn, and, before the corn is har-

vested, the judge of the district court dissolves the temporary injunction and orders the crop divided, this court will not reverse such order dividing such crop unless, from the evidence, it can be said that the trial judge exceeded his authority. The order so dividing the crop on the motion to dissolve the hearing is not a final judgment, and the rights of the parties to the corn may be litigated on the final trial, each being accountable for that portion of the crop which he received. On the final hearing all of the issues involved in the case may be litigated, and judgment rendered declaring the rights of the respective parties in relation thereto.

(Syllabus by the Court.)

*Appeal from an Order of the District Judge of Noble County dissolving Temporary Injunction; before John H. Burford,*

*Trial Judge.*

Affirmed.

*H. B. Martin,* for plaintiff in error.

*Dale & Bierer* and *W. M. Boles,* for defendant in error.

Opinion of the court by

BURWELL, J.: This is an action in the nature of mandatory injunction between two homestead claimants. On the preliminary hearing the court found that the plaintiff, Morris Brown, was in possession of five acres of the northeast quarter of section twenty-two, township twenty-three north, of range one west of the Indian Meridian, in Noble County, territory of Oklahoma, and that this five acres was in substantially square form and located in the southeastern portion of the claim, adjoining the eastern boundary thereof, and immediately north of the creek; and that the plaintiff was entitled to the possession and control of the entire north eighty acres of the land, except any part which might be occupied by the residence of the defendant, and the improvements immediately surrounding the same, and about five acres which the defendant then had planted to corn. The court then made an order giving the plaintiff, Brown, possession of the north eighty acres of the quarter section, except any part thereof which might be occupied by the residence of the defendant and her improvements imme-

diately surrounding the same. The order also provided that the plaintiff should not have possession of five acres which the defendant had planted to corn until November 1, 1899. The defendant was then enjoined from interfering with the plaintiff in the occupancy of the land, the possession of which was given him by the order of the court. The order contained other provisions regarding the use of timber, the privilege of watering stock, etc. This order was made by the court on July 22, 1899. On July 31, 1905, six years after the temporary injunction had been granted, the defendant filed a motion to dissolve the same. The motion came on for hearing before Hon. John H. Burford, chief justice, sitting at chambers as district judge at Perry, Oklahoma, in the absence from the district of the regular presiding judge. On this hearing the temporary injunction was dissolved, and it was also ordered that the defendant be placed back in possession of the land taken from her by the temporary injunction. The plaintiff appeals to this court.

The order made by the trial court, dispossessing the defendant and enjoining her from interfering with the plaintiff in his occupancy of the land so taken away from her, was in excess of its authority (*Black v. Jackson*, 177 U. S. 349), and it was just and equitable that the defendant be restored to the possession of the land which had been taken from her and given to the plaintiff. It was the duty of the judge to give back to the defendant that which the court had erroneously taken away from her in this same action. The contention of the plaintiff that the trial judge, in dissolving the temporary injunction, entered a final judgment is without merit. The only order made by the trial judge that was in any way final in its character was the order regarding the division of the growing crops. The plaintiff had raised a crop of corn on land that the court had erroneously taken from the defendant and given to him. The defendant had been deprived of the benefits of the land, and the trial judge simply said that the plaintiff should be treated as a tenant and the defendant as a land-

lord as to such crop, the plaintiff taking two-thirds, and that he should deliver to the defendant one-third. The plaintiff cannot complain of this. The court might (and still keep within its lawful powers) have been less considerate of his interests. In 22 Cyc. p. 1001, it is said: "The dissolution of a preliminary injunction merely puts the parties in the same position in which they were prior to. its issuance." And again, on page 1000 of the same book, the author says: "On dissolving an injunction, affirmative relief cannot ordinarily be granted to a defendant in the absence of a cross-bill asking it, although, where the injunction has taken property from the defendant, the order should grant restitution thereof." The trial judge followed this well-established rule as near as he possibly could under the circumstances.

It is next insisted that, the district court having granted the temporary injunction upon notice, the judge of the court could not dissolve it at chambers. In support of this contention we are cited to section nine of the organic act of the territory, which confers the judicial power of the territory upon the supreme court, district courts, and other courts, and then provides that the said supreme and district courts, and the respective judges thereof, shall and may grant writs of mandamus and habeas corpus in all cases authorized by law. Now it is said that, as the organic act confers power on the judges of the district courts to grant writs of mandamus and habeas corpus, by implication power to grant temporary injunctions and to vacate the same when granted by the court was withheld. If this section of the organic act were all of the law upon the subject there would be some justification for the position; but there are other portions of the organic act which must be considered. The supreme and district courts by this same organic act are vested with chancery as well as common law jurisdiction and authority to redress all wrongs committed against the constitution or laws of the United States or of the territory affecting persons or property. And then (section eleven of the act) part two of the law of Nebraska, entitled "Code of Civil Proce-

dure," as far as locally applicable, was put in force in Oklahoma until after the adjournment of the first session of the legislative assembly of the territory. Attention is directed to certain provisions of these laws thus put in force. Section 252, part 2, Code of Civil Procedure of Nebraska, provides:

"The injunction may be granted at the time of commencing the action, or at any time afterwards before judgment, by the supreme court or any judge thereof, the district court or any judge thereof, upon it appearing satisfactorily to the court or judge, by affidavit of the plaintiff or his agent, that the plaintiff is entitled thereto."

Then section 263 provides how a temporary injunction may be dissolved:

"Section 263. If the injunction be granted without notice, the defendant, at any time before trial, may apply, upon notice, to the court in which the action is brought, or any judge thereof, to vacate or modify the same. The application may be made upon the petition and affidavits upon which the injunction is granted, or upon affidavits on the part of the party enjoined, with or without answer. The order of the judge allowing, dissolving or modifying an injunction shall be returned to the office of the clerk of the court in which the action is brought and recorded and obeyed, as if made by the court."

When congress put in force these two sections of the Nebraska laws, it clearly recognized the right of a judge of the district court to dissolve a temporary injunction, whether granted by the court or judge. Section 4426 of Wilson's Revised and Annotated Statutes of Oklahoma is virtually the same as section 252 of the Nebraska precedure act, and section 4437 of Wilson's Revised and Annotated Statutes of Oklahoma is exactly the same as section 263 of the Nebraska procedure act quoted above. Congress, having put these two sections of the Nebraska laws in force, thereby conferred all of the powers therein named upon the judges of the district courts of the territory, and clearly recognized the right of the territorial legislature to re-enact these or other similar laws upon the same subject. The power was clearly thereby conferred upon the judges of the courts and could not be taken away by the

legilsature. It could only change the procedure. The writs of mandamus and habeas corpus are, by reason of their peculiar character, usually named specifically in constitutions and organic law, such as the organic act of this territory, while injunctions are not necessarily named specifically, because this class of actions fall strictly within chancery jurisdiction. Nor is the judge of the court prohibited from dissolving a temporary injunction because the statute provides that, "if the injunction be granted *without notice,* the defendant, at any time before the trial, may apply, upon notice, to the court in which the action is brought, or any judge thereof, to vacate or modify the same." By this statute, if the injunction is granted without notice, the defendant is entitled, as a matter or right, to have the court or judge hear him upon the question of the dissolution of the same. The language was not. intended to limit the power of the court or judge where the injunction is granted upon notice, but to require it or him to hear the defendant where it is granted without notice.

The assignment that the trial judge committed error in the admission and exclusion of evidence, even if well taken, did not prejudice the plaintiff on his hearing. The court records which were excluded appear in the case-made, and, even if they had been considered, the temporary injunction should have been dissolved. If the district court, in a former action, took from the plaintiff a part of the land in question, as contended by counsel, and gave it to the defendant, and error was committed thereby, he should have appealed from the judgment therein rendered. The defendant was in possession of the land that was restored to her by the trial judge at the commencement of this action, and as to whether she was put into possession of it originally by a just or erroneous judgment cannot be litigated in this action, and the files pertaining thereto were immaterial. The files in this case would be considered by the judge in passing upon this motion to dissolve the injunction, even though they were not formally admitted in evidence. The fact that the defendant was in default of answer, if such

be the fact, does not help the plaintiff. His petition did not state a cause of action for mandatory injunction; hence the defendant, although she did not deny any allegation of the petition, could move to dissolve the temporary injunction.

It is not necessary to determine as to whether or not the trial judge had the authority in law to require the plaintiff to execute a supersedeas bond, in order to prevent that part of the order directing the possession of the land to be given back to the defendant from being carried into execution. The order made by the trial judge has been reviewed, and a determination reached that such order was correct. The error, if any was made, has not deprived the plaintiff of any substantial right.

We have examined the appellee's cross-assignments of error, and are of the opinion that the order made, in so far as it affects the growing crops, under all of the circumstances, should, with the other provisions thereof, be sustained. The evidence on the final hearing as to the condition of the growing crop may be more satisfactory than it appears from this record.

The order of the district judge of Noble county is affirmed, at the cost of appellant.

Burford, C. J., and Hainer, J., took no part in this court; Irwin, J., absent; all the other Justices concurring.