## PATTEN v. RAMSEY.

No. 1297.    Opinion Filed January 9, 1912.

(120 Pac. 643.)

NUISANCE—Appeal and Error—Review—Discretion of Court—Taxation of Costs. In an equitable proceeding for an injunction, to abate a nuisance, section 6117, Comp. Laws 1909, confers discretionary power upon the court in the matter of taxing costs as it may think right and equitable; and the same will not be disturbed on appeal, unless it be clearly shown there has been an abuse in the exercise of such power.

(Syllabus by the Court.)

Error from District Court, Kay County;
W. M. Bowles, Judge.

Action by Ennis Patten against James J. Ramsey. Judgment for defendant, and plaintiff brings error. Affirmed.

*H. B. Martin,* for plaintiff in error.

*Moss, Turner & McInnis,* for defendant in error.

HAYES, J.    Under the rules of this court, the only question presented for review by plaintiff in error's brief is that the trial court committed error in taxing all the costs against plaintiff in error, plaintiff below. This case was originally commenced in the district court of Kay county by petition of plaintiff, declaring upon a cause of action against defendant for maintaining a nuisance, to the injury of plaintiff's property, personal health, and comfort, and praying for an injunction to abate said nuisance. After answer was filed by defendant, two interlocutory orders were made by the court upon application of plaintiff. Each of said interlocutory orders adjudged that the costs should be taxed to plain-

tiff. No exception, in so far as the record now before us discloses, was ever taken to either of these orders by plaintiff, and no appeal was taken therefrom, and the time for such appeals had expired before this proceeding was instituted in this court to review the final judgment in the action; nor has it been attempted to assign either of said interlocutory orders, or any part thereof, as error in this proceeding. Upon final hearing, the court found for the defendant, dismissed plaintiff's petition, and adjudged that plaintiff pay all the costs of the action.

In actions for the recovery of money, or for the recovery of specific real or personal property, upon a judgment in favor of plaintiff, plaintiff shall be allowed his costs as a matter of course, where it is not otherwise provided by the statute. Section 6115, Comp. Laws 1909. And where the defendant prevails in such actions, he is allowed, of course, his costs. Section 6116,, *Id*.

Section 6117, Comp. Laws 1909, provides:

"In other actions the court may award and tax costs and apportion the same between parties upon the same or adverse side, as in its discretion it may think right and equitable."

Under this section of the statute, the taxing of costs in a proceeding for injunction is in the sound legal discretion of the court, and his decree in that regard will only be reversed when it is shown that such discretion has been abused. *Walker v. Walker*, 17 Okla. 467, 88 Pac. 1127; *McGillvray v. Moser*, 43 Kan. 219, 23 Pac. 96; *Waterman et al. v. Alden et al.*, 144 Ill. 90, 32 N. E. 972; 11 Cyc. 36. Defendant, in whose favor all the costs were taxed, prevailed by the final judgment in the lower court. The interlocutory orders made were favorable to plaintiff, but the costs thereof were disposed of by the provisions of said orders, which were never appealed from nor exceptions taken thereto. The facts in this record fail to show any abuse of discretion by the trial court. On the other hand, following the judgment in favor of defendant, we think the costs were properly taxed against plaintiff.

The judgment of the trial court is affirmed.

All the Justices concur.