## MORRIS *et al.* v. GRAY.

No. 2461.   Opinion Filed February 11, 1913.

Rehearing Denied June 20, 1913.

(132 Pac. 1094.)

1.  INJUNCTION—Temporary Restraining Order—Improvident Issuance—Correction in Final Decree. In an equitable proceeding brought by one claiming to be in possession of lands, to enjoin the interference with said possession, where it appears at the trial that at the time of the filing of the petition and of the issuance and service of the temporary injunction the defendants, and not the plaintiff, were in the actual possession of said lands, and where the court dismissed plaintiff's petition, it was proper for the court in its final decree to order the defendants restored to the possession of the lands of which they had been improvidently dispossessed by the temporary injunction.

2.  SAME. In such case the court should place the parties in statu quo, and it was error for the court to overrule the defendants' motion for a modification and correction of the judgment, asking such restoration.

3.  APPEAL AND ERROR—Review—Matters of Discretion—Award of Costs. In the equitable proceedings for an injunction to enjoin defendants from interfering with plaintiff's possession of lands section 6117, Comp. Laws 1909, confers discretionary power upon the court in the matter of taxing costs as it may think right and equitable; and the same will not be disturbed on appeal, unless it be clearly shown that there has been an abuse in the exercise of such power.

(Syllabus by Sharp, C.)

*Error from District Court, Caddo County;*
*Frank M. Bailey, Judge.*

Suit by Mary B. Gray against J. F. Morris, Elbert Morris, and J. B. Morris, in which L. E. McKnight, F. H. Heskett, and John Vincent were made parties defendant by order of court. From a judgment dismissing plaintiff's petition at the cost of the defendants, and refusing to restore to defendants the possession of certain lands of which it was alleged they were wrongfully dispossessed by virtue of a temporary restraining order, defendants prosecute error. Reversed and remanded, with instructions.

*A. J. Morris* and *McKnight & Heskett*, for plaintiffs in error.

*A. T. Boys* and *C. H. Carswell*, for defendant in error.

Opinion by SHARP, C. But two questions are properly presented for our consideration, namely, (1) that the court erred in not ordering a restoration of the premises upon the dismissal of plaintiff's bill; (2) that the court erred in taxing the costs to the defendants.

The object of plaintiff's suit was to enjoin the defendants from in any manner interfering with plaintiff's possession of a quarter section of land in Caddo county. On the day that the petition was filed, and without notice to the defendants, a temporary injunction was granted, and served upon the then defendants on the day following its issuance. On the second day thereafter said defendants filed their motion to dissolve the injunction, one ground of which was that at the time of, and prior to the institution of said action and the issuance of said order, the defendants were in possession of the lands therein described, and should not be deprived of their possession by means of a temporary injunction, and without the right of a trial by jury. The three original defendants filed their answer on March 4, 1909, and on the 12th day of March following the court overruled their motion to dissolve the temporary injunction, but required plaintiff to give an additional bond, which was done. On October 19th defendants McKnight and Heskett filed their written application to be made parties de-

fendant, claiming to be the owners of the land, and that the defendants J. F. Morris, Elbert Morris, and J. B. Morris at the time of the institution of the suit were in possession of the lands in controversy as their tenants. They also asked in their application that one John Vincent, then in the possession of said lands, be made a party defendant. The prayer of their petition was granted, and the said McKnight, Heskett, and Vincent made parties defendant. Thereafter the said McKnight and Heskett filed their answers, claiming to be the owners of the lands in question, and that at the time of the institution of the suit they were in the exclusive possession thereof, through their tenants, J. F. Morris, Elbert Morris, and J. B. Morris, and that they remained in the exclusive possession until February 13, 1909, when they were obliged and compelled to abandon their possession by reason of an order of injunction issued against their said tenants. They asked judgment against the plaintiff and the defendant John Vincent for the possession of the lands in question, for the value of the use and occupation thereof, and other affirmative relief not involved in the issues here under consideration. Upon the issues being joined, the case was tried by the court on May 10, 1909. On May 27th following the court made an order requiring plaintiff to give an additional bond in favor of the defendants McKnight and Heskett "to indemnify them against such damages as they may sustain, if any, in this action by reason of the plaintiff depriving them of the possession of the land involved in this action, to wit: Northwest quarter (N. W. ¼) of section twenty-five (25), township seven (7), north, range ten (10) west of the Indian Meridian in Caddo county, Oklahoma. * * *" This bond was made, and on the 28th day of September, 1910, the court rendered final judgment, dismissing the plaintiff's petition at the cost of defendants other than John Vincent. No special findings of fact were requested or submitted. On the day following the rendition of said judgment, the defendants, other than John Vincent, filed their motion for a modification and correction of the judgment, including the following grounds:

(1) That the court restore to said defendants the possession of the lands in question; (2) that the court adjudge and decree that plaintiff pay all costs of the proceedings. This motion was overruled and exceptions saved, and these questions are presented here for our consideration.

The journal entry does not disclose the court's reason for dismissing plaintiff's bill, but from its nature and purpose, and from a careful reading of the evidence, to our minds it could only have been upon the ground that the plaintiff had wholly failed to make out a cause of action. The testimony, in which there is little substantial dispute, shows conclusively that at the time of the institution of plaintiff's suit the defendants, except Vincent, were in possession of the lands. The Morrises had moved some of their effects into the small house on the farm, and were there engaged in farm work when the plaintiff's representative went out to the place; and, when the suit was filed on the second day following, they had hauled lumber out to the place and were engaged in erecting a house thereon in which to live during the year 1909. In view of the court's judgment, it is not necessary to make any extended reference to all of the testimony that went to show the defendants' possession under color of title. The court rightfully concluded, as we think it fair to infer from the judgment, that plaintiff could not regain possession of these lands by injunction proceedings. *Lacassagne v. Chapius,* 144 U. S. 119, 12 Sup. Ct. 659, 36 L. Ed. 368; *Black v. Jackson,* 177 U. S. 349, 20 Sup. Ct. 648, 44 L. Ed. 801; *Potts v. Hollen,* 177 U. S. 365, 20 Sup. Ct. 654, 44 L. Ed. 808; *Brown v. Donnelly,* 19 Okla. 296, 91 Pac. 859; *Munyos v. Filmore,* 4 Ind. T. 619, 76 S. W. 257.

With these necessary preliminary observations, did the court err in refusing to restore to defendants the possession of the lands of which they were improvidently dispossessed upon the dismissal of the plaintiff's bill? In *Brown v. Donnelly, supra,* it was said:

"The order made by the trial court, dispossessing the defendant and enjoining her from interfering with the plaintiff

in his occupancy of the land so taken away from her, was in excess of its authority (*Black v. Jackson,* 177 U. S. 349, 20 Sup. Ct. 648, 44 L. Ed. 801), and it was just and equitable that the defendant be restored to the possession of the land which had been taken from and given to the plaintiff. It was the duty of the judge to give back to the defendant that which the court had erroneously taken away from her in this same action."

Announcing the same rule are the following cases: *Anderson v. Ferguson,* 12 Okla. 3, 69 Pac. 1132; *Mendenhall v. Cagle,* 12 Okla. 4, 69 Pac. 1133; *Endicott v. Ellis,* 12 Okla. 6, 69 Pac. 1133; *Best v. Frazier,* 12 Okla. 8, 69 Pac. 1133; *Texas Land & Irrigation Co. v. Sanders et al.,* 101 Tex. 616, 111 S. W. 648; *Spring Valley Water Co. v. City and County of San Francisco et al.* (C. C.) 165 Fed. 666.

The rule governing the restoration of lands, where the plaintiff retakes possession pending the injunction, is perhaps nowhere better expressed than in *Lake Shore & M. S. Ry. Co. v. Taylor,* 134 Ill. 603, 25 N. E. 588, in an opinion by Schofield, C. J., where it was said:

"Appellant's hands were as to her during all that time tied so that appellant could by no possibility do any legal act in assertion of its claim of ownership or right of possession. The only function of an injunction is to stay threatened action and suspend the conflicting claims of right of the restricted parties where they then are until they can be properly adjudicated (2 Daniell, Ch. Pr. [5th Ed.] 1664, and note), and so it must necessarily follow that to allow one party to obtain any advantage by acting when the hands of the adverse party are thus tied by the writ or the order for it is an abuse of legal process, which cannot be tolerated. It is immaterial here in whom is the legal title, or whether when appellant built its fence it was a trespasser or lawfully in possession. Those questions cannot be determined here; it being sufficient for the present that appellee, after having tied the hands of appellant as to the assertion of its claim of right, and while they were so tied, has changed the *status quo* of the parties in this respect. She must restore things to the same plight and condition as nearly as possible in which they were when the judge made the order upon her bill that an injunction issue. 1 Spence, Eq. Jur. 672,

673; *Vanvandl v. Mining Co.* [C. C.] 2 McCrary, 642 [48 Fed. 770]; *Hawkes v. Champion,* Cary, 51; *Dowche v. Perrot, Id.* 63 *Hill v. Portman, Id.* 140; and *Wangelin v. Goe, supra* [50 Ill. 459.]"

While the order made in the instant case differs from that in *Brown v. Donnelly, supra,* in that it did not order that defendants be dispossessed of the lands, yet from the record before us it sufficiently appears, in fact it is not seriously questioned, that as a result of the issuance and service of the restoring order the defendants were deprived of the possession of the lands. This, we have seen, from the authorities and upon principle, was unwarranted. The rights of the respective parties, such as were proper for the determination of the case, were fixed at the time of the institution of plaintiff's action. After a full hearing and mature consideration, the trial court concluded that plaintiff had failed to make out a cause of action, and dismissed her bill. The judgment should have gone further, and restored the parties to the status occupied by them at the time of the institution of plaintiff's suit, for to conclude otherwise would mean to give to an unsuccessful litigant an advantage to which he is not entitled, viz., by obtaining possession of the very lands occupied by his adversary, while the latter's hands were tied by an order of the court, which he could not violate, and which in this case he was unable to have vacated or rescinded until after more than a year and a half from the date that suit was filed. While the rental contract of the defendants J. F. Morris, Elbert Morris, and J. E. Morris expired before final judgment, yet the order of court could and should have restored to the possession of the defendants McKnight and Heskett the lands in controversy.

The remaining objection, that of the order of the court in taxing costs to the defendants other than Vincent, is we think without merit. In an equitable proceeding for an injunction, section 6117, Comp. Laws 1909, confers discretionary power upon the court in the matter of taxing costs, as it may

think right and equitable; and the same will not be disturbed on appeal, unless it be clearly shown that there has been an abuse in the exercise of such power. *Walker v. Walker,* 17 Okla. 467, 88 Pac. 1127; *Patten v. Ramsey,* 31 Okla. 166, 120 Pac. 643.

The judgment of the trial court should therefore be reversed, and the cause remanded, with instructions to restore to the defendants L. E. McKnight and F. H. Heskett the same occupancy of the land that they, or their tenants, had at the time of the service of the injunction order; but without prejudice to the rights of the parties or either of them to pursue any other remedy which either may have in any court of the state.

By the Court: It is so ordered.