Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. Decree affirmed.

---

## ST. LOUIS–SAN FRANCISCO RY. CO. v. LAWRENCE et al.

District Court, N. D. Oklahoma. November 28, 1927.

No. 207.

*Certiorari denied 49 S. Ct. 265, 73 L. Ed. —.

---

See, also, 30 F. (2d) 458.

C. B. Stuart and Ben Franklin, both of Oklahoma City, Okl. (Edwin Dabney, Atty. Gen., E. T. Miller, of St. Louis, Mo., and M. K. Cruce, of Oklahoma City, Okl., of counsel), for complainant.

T. L. Blakemore and D. A. McDougal, both of Sapulpa, Okl. (Ames, Lowe & Cochran, of Oklahoma City, Okl., of counsel), for respondents.

Before VAN VALKENBURGH, Circuit Judge, and REEVES and KENNAMER, District Judges.

PER CURIAM. This action was instituted by the St. Louis-San Francisco Railway Company on January 11, 1927, against J. F. Lawrence and C. C. Taylor, citizens of the city of Sapulpa, Okl., the Corporation Commission of Oklahoma, and the state's Attorney General. Upon the filing of a verified bill of complaint setting forth facts hereinafter detailed, and in accordance with the allegations and prayer of the bill, a temporary restraining order was issued, returnable on the 19th of January, 1927. It was provided in the restraining order that complainant was to take no action in the premises pending a hearing on the application for the temporary injunction. A copy of this order was duly served upon the defendants.

The bill alleged in substance that the plaintiff was a corporation organized under

the laws of the state of Missouri, as a railway company engaged in both intrastate and interstate commerce, operating in the states of Missouri, Kansas, Arkansas, Oklahoma, Texas, Mississippi, and other states; that during the month of February, 1917, defendants J. F. Lawrence and C. C. Taylor, appearing on behalf of the Chamber of Commerce of Sapulpa and the citizens of said city, filed a complaint with the Corporation Commission of Oklahoma to prevent the plaintiff railway company from moving its shops and division point from the city of Sapulpa to the city of Tulsa; that the commission, by order No. 1232, temporarily restrained plaintiff from moving its shops or division point on February 15, 1917, as sought in said complaint; that upon an application of defendants Lawrence and Taylor filed on December 29, 1926, the Corporation Commission made and caused to be served upon plaintiff, the following order:

"This cause coming on to be heard on this 29th day of December, 1926, upon motion of the complainants, and it appearing that the defendant is taking steps toward the removal of its shops and division point from the city of Sapulpa in violation of the order of this commission entered on the 5th day of February, 1917, and in violation of the act of the Legislature passed in 1917, it is ordered by the commission that said cause be set down for hearing on the 17th day of January, 1927, and that in the meantime, and until the further order of the commission, the defendant be, and it is hereby prohibited from moving its shops or division point from the city of Sapulpa, from changing the runs of either its passenger or freight trains, or from taking any other steps towards changing its division point for either passenger or freight service from the said city of Sapulpa."

The provisions of the Oklahoma statute relied upon for the jurisdiction of the Corporation Commission were set forth, as follows:

Compiled Oklahoma Statutes 1921: "3482. *Removal—Permit.* That no person, receiver, firm, company or corporation owning, operating or managing any line of steam railroad in this state shall be allowed to remove railroad shops or division points which have been located at any place in this state for a period of not less than five years without previously securing the permission of the Corporation Commission to make such removal.

"3483. *Corporation Commission—Jurisdiction.* If, and when any such person, re-

ceiver, firm, company or corporation desires to remove any such railroad shops or division point described in section one of this act, it shall be his duty to file an application with the Corporation commission setting forth the present location of such shops or division point and the reasons for such removal, and thereupon the Corporation Commission shall have full power and jurisdiction to entertain such complaint, but before hearing the same or making any order permitting such removal to be made, said cause shall be set down for hearing, not less than ten days' notice shall be given the city, town or village in which or at which such shops or division point have been maintained and after giving all parties interested a full and complete hearing in the premises the commission may in its discretion permit or refuse such request for a removal.

"3484. *Hearing—Before Corporation Commission.* When an application is filed before the commission for the removal of terminals or car shops, as provided in section two, the commission shall hear evidence on the relative efficiency and expense of handling traffic through the proposed terminal as compared with the present facilities, and shall consider all other facts and circumstances affecting the various interests involved. In determining the adequacy of the present facilities the commission shall consider the same increased by an expenditure equal to an amount necessary to remove the same to the proposed location or an amount equal to the necessary expenditure to establish such facilities at the new location. It is hereby further provided that the commission shall hear evidence and shall make a finding of fact as to the sanitary and habitable conditions of the proposed location with reference to whether the same would endanger the health of the employees of the applicant or the health of their families. If the commission should find that the sanitary or habitable conditions at the proposed location of said terminal facilities would endanger or injuriously affect the health of the employees of said applicant or their families, the commission shall deny said application and order the said terminal facilities and car shops to remain at the present location.

"3485. *Proof—Burden upon Applicant.* On any such hearing, as provided in this act, the presumption shall be against the removal, and the burden of proof rests upon the applicant to show that such removal ought to be made.

"5548. *Transportation Companies Must*

*Maintain Repair Shops in State.* Transportation companies operating within this state which now have in existence roundhouses or machine shops for the repairing of locomotives, engines, and cars, or which may hereafter establish such roundhouses or machine shops for such purpose, shall hereafter maintain such shops and roundhouses with sufficient equipment and employees to keep in proper repair all rolling stock, locomotives, engines, and cars used within this state in .the transportation of passengers and freight and such transportation companies shall hereafter cause all such rolling stock, locomotives, engines and cars to be repaired at such shops or roundhouses and kept in a safe and serviceable condition and no such repair shall be done outside the state of Oklahoma, if such repairs can be done at such company's shops within this state."

The bill charges that these statutory provisions are unconstitutional, and that the Corporation Commission was without power to act under such statutes, for the reason that they are not a proper exercise of the police power of the state; that they deprive plaintiff of due process of law, and the equal protection of the law; that they are arbitrary, unreasonable, and unnecessary; that said statutes were enacted to serve local interests, and purport to grant to the Corporation Commission authority to regulate interstate commerce. It is then alleged that the shops were located at Sapulpa more than 30 years ago, when that city was the terminus of the line; that the lines have been extended into Oklahoma and Texas; that by reason of the growth of Tulsa, and its attendant increase of business, it has become the center of plaintiff's operations; that Sapulpa has ceased to be the center of its operations, and that it is necessary to remove its shops to Tulsa.

It is further alleged that it is impossible to construct shops sufficient to care for the repairs and business of plaintiff at Sapulpa, and that plaintiff has established shops at Tulsa, and that interstate commerce will be aided by a consolidation of the two shops, which are 18 miles apart. Plaintiff also alleges that the enforcement of the order of the Corporation Commission would prevent the putting into effect its schedule regulating its interstate trains, as well as interfere with the management and operation of plaintiff's interstate commerce business to such an extent as to cause plaintiff great immediate and irreparable damage. It was then alleged that plaintiff was without remedy at common law, and prayed for an injunction to avoid a submission to the jurisdiction of the Corporation Commission. A preliminary injunction was sought in order that plaintiff may not suffer irreparable damage and injury.

In response to the order, served upon defendants, for a hearing upon the application for a preliminary injunction, plaintiff and defendants appeared and announced ready, presented their evidence in the form of affidavits, and argued the cause at great length, on the date provided in the order, to wit, January 19, 1927.

In accordance with the provision of section 266 of the Judicial Code (37 Statutes at Large, 1013, c. 160; Compiled Statutes, § 1243; 5 Federal Annotated Statute [2d Ed.] p. 984; 28 USCA § 380), the application for a temporary injunction was heard by Van Valkenburgh, Circuit Judge, and Reeves and Kennamer, District Judges. Upon the conclusion of the hearing, and upon the proof adduced, it was determined by the court that the Oklahoma statute, as construed by the Corporation Commission, constituted a direct interference with interstate commerce. The court entertained the opinion that the statutes were not fair, reasonable, or proper exercises of the police power of the state, but were unnecessary and an arbitrary interference with and restriction upon the rights of plaintiff to adjust its business to the rapidly changing conditions in the handling of interstate freight and passengers.

We were convinced from the facts established during the hearing, and the arguments and authorities submitted that the statute involved was probably unconstitutional, and that the railroad company should not be compelled to maintain two shops which were proved to be heavy burdens upon interstate commerce. Without finally determining the constitutionality of the statute, we concluded, from the showing made, that plaintiff was entitled to the temporary relief which it sought.

The evidence presented by plaintiff in support of the allegations of its bill as to the burdens caused by maintaining two sets of shops within a space of 18 miles, the necessity of maintaining shops at Tulsa, because of the growth and development of Tulsa as a shipping center during the past 10 years, and the increased cost of operation by reason of the maintenance of two shops and division points, was uncontradicted and not seriously controverted.

Upon arriving at the above conclusions respecting the invalidity of the statute con-

sidered, it was agreed that Judge Van Valkenburgh should orally deliver the opinion of the court. This was done in open court, in the presence of all of the parties and their counsel. Thereafter counsel for the respective parties were requested to prepare proper orders granting the temporary injunction, which was done. The order was presented to the court in the presence of counsel, and, as no objections had been interposed to its form, it was signed. The court thought that the opinion of Judge Van Valkenburgh had been reduced to writing and incorporated in the record of the case, and therefore did not require findings in the decree. The first information that the reasons for granting the temporary injunction were not included in the record on appeal was from the opinion handed down in the case by the honorable Supreme Court of the United States.

Upon the presentation of the journal entry of the decree, counsel for the defendants were afforded an opportunity of superseding and suspending the order pending the appeal by executing a bond. The court was then and there advised that it was not the desire of the defendants to supersede or suspend the decree pending the appeal.

The Supreme Court of the United States, in passing upon this case, did not determine the constitutionality of the statutes considered, saying: "We have no occasion to determine whether the Oklahoma act is obnoxious to the federal Constitution." The Supreme Court concluded that "there was no emergency requiring the issue of an interlocutory injunction," and that the railroad company, in contesting with the defendants their rights to remove the shops before the state Corporation Commission, would not waive its right to challenge the validity or invalidity of the statute, if the commission decided adversely to its contention in the federal court. It was stated by the Supreme Court that "the federal power is paramount." The cause having been remanded to this court for further proceedings, a motion has been filed and presented by the defendants, seeking an order of restitution.

Subsequent to the entering of the temporary injunction, and after counsel for defendants had announced that they would not suspend the order of the court pending the appeal, plaintiff removed its division point and its shops to Red Fork, now a part of the city of Tulsa. It is insisted by counsel for defendants, in presenting their motion for an order of restitution, that the shops should be returned to Sapulpa from Red Fork,

pending the final determination of the case as the temporary injunction has been set aside on appeal. The following authorities have been submitted as sustaining defendants' contention: Northwestern Fuel Co. v. Brock, 139 U. S. 216, 11 S. Ct. 523, 35 L. Ed. 151; Morris v. Gray, 37 Okl. 695, 132 P. 1094; Silver Peak Mines v. Hanchett (C. C.) 93 F. 76; Twenty-One Mining Co. v. Original Sixteen to One Mine (C. C. A.) 240 F. 106; Coker v. Richey, 108 Or. 479, 217 P. 638; Texas Land & I. Co. v. Sanders, 101 Tex. 616, 111 S. W. 648; Atlantic Coast Line Ry. Co. v. Seaboard, etc., R. Co., 88 S. C. 464, 71 S. E. 34; Herrington v. Herrington, 11 Ill. App. 121; Wangelin v. Goe, 50 Ill. 459.

An examination of these cases disclose that they are not controlling of the situation presented in the case. The cited cases involve the right to money or property or the right to possession of property, and in most of them restitution was ordered after final hearing, or where the result could be clearly foreseen at the hearing which determined the right to the property.

Restitution may be ordered where a party violates an injunction which he is seeking. The final determination of this cause cannot be foreseen; neither can we say that the plaintiff has taken any undue advantage of the situation. Defendants were afforded an opportunity to suspend the temporary injunction by executing a bond, which they declined to do. It was required that plaintiff execute a bond before it was permitted to remove the shops. This was done; it would be unwise in our opinion to require plaintiff to remove the shops to Sapulpa pending the final determination of the cause. As there is no final decree in the case, as we are unable to determine the outcome of the matter at this stage of the proceedings, and as the removal of the shops will not deprive defendants of the benefits of their victory, in the event of their prevailing in the case, we do not think restitution is proper. Where the decision on appeal leaves the case undetermined on the merits, and on a final hearing a permanent injunction may be justified, and as in this case, where the decree has been reversed and set aside for error in the matter of procedure, restitution may be denied pending final determination.

In Gould v. McFall, 118 Pa. 455, 12 A. 336, 4 Am. St. Rep. 606, it was said: "Restitution is not of mere right. It is ex gratia, resting in the exercise of a sound discretion, and the court will not order it where the justice of the case does not call for it, nor where

the process is set aside for a mere slip." See State v. Horton et al., 70 Neb. 334, 97 N. W. 434.

In Goltra v. Weeks, 271 U. S. 536, 46 S. Ct. 613, 70 L. Ed. 1074, the court said: "On an appeal from a temporary injunction it often happens that, where there is a balance of convenience and doubt as to the issue, the status quo under the restraining order and the restoration should be maintained until a final hearing."

We are of the opinion that nothing can be accomplished, considering and balancing the conveniences in the case, by requiring the plaintiff to remove the shops to Sapulpa pending a final determination of the case. The shops were moved at great expense to the plaintiff, and further great expense will be incurred if the shops are restored; defendants could have prevented the removal by executing a bond, which they declined to do, and, as the issues now presented are so doubtful, this court, in the exercise of a sound discretion, should deny restitution. In so ruling, the comparative advantages and disadvantages involved, the conveniences and inconveniences of the parties hereto, as well as the interests of the shipping public generally, have been fully considered. We think an order of restitution should not be made, if at all, until after final hearing, when the ultimate rights of the parties are established.

In compliance with the directions of the United States Supreme Court, plaintiff has been directed to proceed before the state Corporation Commission for the approval of that body of its acts in removing the shops to Tulsa. In the event of an approval of the removal by the commission, there will be nothing further for the consideration of this court, and the controversy will be terminated, unless the order of the commission is reversed by the state Supreme Court. In the event of plaintiff's failure to obtain the consent and approval of the Corporation Commission, it may still have the controversy finally determined in the federal courts. This court is retaining jurisdiction of the parties hereto, although plaintiff is required to proceed before the commission, and, should the matter be ultimately determined in defendants' favor, restitution may be ordered, as well as the payment of all damages sustained by defendants by reason of the removal of the shops.

Motion of defendants for restitution is denied. Plaintiff is ordered to forthwith proceed before the Corporation Commission of Oklahoma.