AMERICAN STREET FLUSHING MACH. CO. v. ST. LOUIS STREET
FLUSHING MACH. CO. et al.

(Circuit Court of Appeals, Eighth Circuit.    November 21, 1911.)

No. 3,560.

PATENTS (§ 312*)—INFRINGEMENT—PROFITS RECOVERABLE—BURDEN OF PROOF.
    In an accounting for profits made by an infringer of a patented device,
    which as used constituted but a small part of a large completed struc-
    ture, the complainant has the burden of proof to show the profits real-
    ized by defendant and ascribable to such particular device.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 419; Dec. Dig.
    § 312.*
    Accounting by infringer for profits, see note to Brickill v. City of New
    York, 50 C. C. A. 8.]

Appeal from the Circuit Court of the United States for the Eastern
District of Missouri.

Suit in equity by the American Street Flushing Machine Company
against the St. Louis Street Flushing Machine Company and William
Ratican. From a decree (180 Fed. 759) for a nominal sum only as
profits, complainant appeals.    Affirmed.

Clifton V. Edwards, for appellant.

James A. Carr (John D. Johnson and Loomis C. Johnson, on the
brief), for appellees.

Before HOOK and SMITH, Circuit Judges, and MARSHALL,
District Judge.

HOOK, Circuit Judge.    The American Street Flushing Machine
Company appeals from a decree allowing it but a nominal sum against
the St. Louis Street Flushing Machine Company and William Ratican
for the infringement of letters patent No. 795,059 granted July 18,
1905, to L. F. Ottofy.    The validity of the third claim of the Ottofy
patent was upheld by this court upon appeal from a preliminary in-
junction, but its scope was reduced to very narrow limits.    86 C. C.
A. 340, 156 Fed. 574.    The claim was for a combination in a travel-
ing street washing machine—

"of a tank adapted to contain water under pressure and mounted upon
forward and rear supports, of a nozzle or nozzles located sufficiently near
the plane of the points upon which the machine is supported to be substan-
tially concealed from view and having narrow elongated delivery apertures
which open laterally toward the front of the machine and are substantially
parallel to said plane, said nozzles being constructed and positioned to de-
liver water under pressure at the side or sides of the machine nearly parallel
to said plane, forward and laterally of the rear support and avoiding the
front support."

The novel feature upon which alone the combination was sustained
was in the means described of delivering a flat stream of water nearly
parallel to the surface of the street.    This was by means of a nozzle
connected with the tank above and having a narrow elongated orifice,
and adjusted upon its connection at such an angle that the stream of
water would be nearly parallel to the plane of the street.    From this

it follows that a nozzle which did not have a slot or narrow elongated orifice would not infringe; also, that a nozzle having an orifice like Ottofy's but so adjusted as not to deliver the water nearly parallel to the street would not infringe. These conclusions of the court with respect to the scope of the claim were necessary in view of the prior art and the rulings of the Patent Office. After the patent was sustained to this extent, the cause was referred to a master to find the damages and profits to be assessed against. the infringers. The master reported no evidence of damages and that profits had been secured by the St. Louis Company amounting to $4,950, and by Ratican $15,-039.03, and recommended a decree against them accordingly. Upon exceptions the trial court reduced the awards to $1 (180 Fed. 759), holding that there was not sufficient proof of the amount of profits realized from the manufacture and use of the particular nozzle device upon which alone the patent stood, but that the profits assessed related to the manufacture and use of an entire street washing wagon and appliances; also, that it was the duty of the complainant to make the apportionment, and it had not done so. We have had the question of the burden of apportionment before us three times: Westinghouse Electric & Mfg. Co. v. Wagner, etc., Co., 97 C. C. A. 621, 173 Fed. 361; Brown v. Lanyon Zinc Co., 102 C. C. A. 497, 179 Fed. 309; Dowagiac Mfg. Co. v. Plow Co., 105 C. C. A. 526, 183 Fed. 314. The conclusions there reached control the case at bar, and render unnecessary a consideration of the other questions presented by counsel. If the Ottofy device as limited had a special value when used as but a small part of a large completed structure, the complainant as owner of the patent should have introduced evidence of the profits realized by the infringer and ascribable to the particular device in question, so that they could be ascertained and stated by the master. We agree with the trial court that the evidence before the master was insufficient for that purpose. In this connection it may be said that the nozzles furnished with the wagons sold by the defendant company were adjustable in respect of the particular angle at which the user might desire to deliver the water flowing through them to the street.

The decree is affirmed.