WAYNE MFG. CO. et al. v. COFFIELD MOTOR WASHER CO.

(Circuit Court of Appeals, Eighth Circuit. December 4, 1913.)

No. 3,939.

1. PATENTS (§ 297*)—SUITS FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

When a patent has been sustained as the result of a final hearing, the right thus secured to have its validity accepted on a motion for a preliminary injunction in another suit, except in rare cases, cannot be destroyed by new citations of patents from the patent office.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; Dec. Dig. § 297.*]

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—WATER MOTOR.

An order granting a preliminary injunction against infringement of the Coffield reissue patent, No. 12,719 (original No. 807,779), for a water motor, affirmed.

Appeal from the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Suit in equity by the Coffield Motor Washer Company against the Wayne Manufacturing Company and the American Washer Company. From an order granting a preliminary injunction, defendants appeal. Affirmed.

———————————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

L. C. Kingsland, of St. Louis, Mo. (J. D. Rippey, of St. Louis, Mo., on the brief), for appellants.

Richard J. McCarty, of Dayton, Ohio (Homer Hall, of St. Louis, Mo., on the brief), for appellee.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. [1] This is an appeal from an order granting a preliminary injunction to restrain defendants, appellants here, from infringing plaintiff's patent, No. 12,719, for a water motor. The patent has been sustained, after protracted litigation, in the Fourth circuit. P. T. Coffield & Son v. Spears & Riddle et al. (C. C.) 169 Fed. 641; Coffield Motor Washer Co. v. A. D. Howe Co. (C. C.) 172 Fed. 668; A. D. Howe Mach. Co. v. Coffield Motor Washer Co., 197 Fed. 541, 117 C. C. A. 37. The drawings and specifications are there set out in full, and need not be repeated here. The answer sets up three defenses: (1) Lack of novelty in the plaintiff's patent. (2) Denial of infringement. (3) Intervening rights acquired between plaintiff's original patent and its present patent which is a reissue. All of these defenses were interposed in the litigation in the fourth circuit. With a single exception the same patents are cited in the present suit as were cited in the cases referred to. One additional citation is made, patent No. 220,625, issued to A. Knecht; but, when a patent has been sustained as the result of a final hearing, the right thus secured, except in rare cases, cannot be destroyed by a new citation from the inexhaustible storehouse of the Patent Office. If that could be done, the holder of a patent would never obtain peace. It is impossible to judge of the merits of the patent which is alleged to anticipate, except as the result of a final hearing where its place, not only on paper, but in the industrial world, can be ascertained.

As to the second defense, the denial of infringement, that, so far as this record discloses, is devoid of merit. The stem and spring in defendant's structure is an obvious mechanical equivalent of the same parts of the patent in suit.

There is also abundant evidence to support the contention that defendant acquired no intervening rights between the time of plaintiff's original patent and its present reissue.

[2] We can discover no abuse of discretion in the action of the trial court in awarding the preliminary injunction. The present case is clearly ruled by the principles which were declared and explained by this court in Fireball Gas Tank Illuminating Co. v. Commercial Acetylene Co., 198 Fed. 650, 117 C. C. A. 354, and American Grain Separator Co. v. Twin City Separator Co., 202 Fed. 202, 120 C. C. A. 644. It is quite unnecessary to formally apply the rules there declared to the particular facts of this case. The application is obvious.

The decree of the trial court is therefore affirmed.