ST. LOUIS UNION TRUST CO. v. STUDEBAKER CORPORATION et al.

(Circuit Court of Appeals, Second Circuit.    January 13, 1914.)

No. 99.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—STREET FLUSHING MACHINE.
    The Ottofy patent, No. 795,059, for a street flushing machine, designed
    to deliver streams at such an angle to the pavement as to have a scouring
    effect, was not anticipated, and is valid, but cannot be construed to cover
    a machine which delivers streams at an angle substantially greater than
    20 degrees.    As so limited, *held* not infringed.

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, dismissing the bill of complaint.    The suit was brought for infringement of the claims of United States patent No. 795,059, granted July 18, 1905, to L. F. Ottofy, assignor to the American Street Flushing Machine Company, which company assigned the patent to the complainant.

Clifton V. Edwards, of New York City, for appellant.

Duell, Warfield & Duell, of New York City (C. H. Duell, F. P. Warfield, H. S. Duell and R. S. Blair, all of New York City, of counsel), for appellees.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge.    This patent has been repeatedly before the courts.    A very full discussion of the specifications and prior art will be found in St. Louis Street F. M. Co. v. American Street Flushing M. Co. (C. C. A. 8th Circuit) 156 Fed. 574, 84 C. C. A. 340.    That court sustained the Circuit Court, Eastern District of Missouri (opinion not reported), and held the patent valid and infringed.    In the same suit the patent was again considered, on accounting for profits, in the Circuit Court (180 Fed. 759), and on appeal by C. C. A. 8th Circuit (192 Fed. 121, 112 C. C. A. 582).    In American Street Flushing M. Co. v. D. Connolly Boiler Company the same patent, in connection with a different device used by the defendant, was discussed at length by Judge Hazel, sitting in the Southern District of New York (opinion not reported).    Upon appeal from his decree holding the patent valid and infringed this court concurred fully in his opinion and affirmed his decree.    American Street Flushing Company v. D. Connolly Boiler Company, 198 Fed. 99, 117 C. C. A. 285.    In the case now at bar preliminary injunction was issued against defendant's device, but Judge Ward's opinions filed on granting complainant's application are not reported.    The validity of the patent has been repeatedly upheld after careful and exhaustive investigation of the prior art, as presented in the several causes.    Although some of the opinions are not reported, there will be found in those which are reported a sufficient statement of the facts relating to invention, prior art and construction of the claims.    It is unnecessary to repeat such statement here.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is contended that the present record contains evidence as to the prior art which was not before the courts which have heretofore sustained the patent. The new references are German patent to Mengelberg, No. 4331 of 1876, English patent to Robertson, No. 286 of 1866, and an article in the London Journal of October 18, 1901. The article in the Journal is merely descriptive of the Murphy patent, which was fully considered in the earlier cases. In the two patents we do not find anything so different from what was shown of the prior art in the earlier record before us as to call for any such modification of our conclusions. It has never been contended that any of the elements of patentee's combination were new; they were all old, but no prior patent showed them all in combination, nor do these three new references do so. The suggestion that the Eccles patent (introduced in the Connolly record) was not considered, because it was first presented to the District Judge on motion for reargument, is unfounded. Presumably the very manner of its introduction brought it sharply to the attention of the District Judge. Certainly in this court it was fully covered in the briefs, and was vigorously discussed in oral arguments.

The crux of the case is the question whether or not the device of this defendant infringes as did that of Connolly and of the infringers who were before the Court of Appeals in the Eighth Circuit. That of course involves also a question of construction of the claims. The C. C. A. in 8th Circuit indicated that the claims could not be given any broad or pioneer construction, and intimated that the requirement in them that the flat stream of water should be delivered "nearly parallel" to the plane of the base restricted the claims to a stream which struck the pavement at an angle not less than 20 degrees. The devices before that court delivered the streams at a less angle and so did the machine before us in the Connolly Case—at least as to nearly three-fourths of its discharge.

It is to be borne in mind that when the patentee undertook to solve the problem most of the pavements in our cities were laid with stones or blocks, the interstices between which were filled with earth liable to be cut out by a stream of water improperly delivered. It was to meet that situation that he devised his invention, which apparently was practically and commercially successful. There was no call for his combination with its low, flat, nearly horizontal delivery when a street was paved solidly, without interstices. The Court of Appeals in the Eighth Circuit points out that an earlier device which delivered at an angle of 40 degrees was apparently "well adapted to flush and scour granite or other streets, which are not easily injured." So long as the majority of streets remained of the character they were when the patent issued, it is quite likely that no machine, similar to patentee's, but having greater angle than 20 degrees, was sufficiently successful commercially to invite a suit for infringement. But with the wide spread of better paving, especially asphalt, a field is open for machines which deliver the streams at a much greater angle than he indicated; at an angle so great that on a street paved in the old way it would have lacked utility, doing more harm than good. The patentee cannot gradually enlarge his angle as pavements improve till he reaches an angle

of incidence found in the prior art, but not then usefully operative because the pavement was poor. It is always difficult to fix exactly in figures the limitation of a claim, when no exact figures are given either in claim or specifications, but without entering into any elaborate discussion of the question we may say that we agree with Court of Appeals in the Eighth Circuit that, although the defendant's argument to the Patent Office in answer to the McDade reference does not constitute an estoppel like the abandonment of claims once made and the acceptance of others in lieu of them, it may be considered as illuminative of the range within which it was understood, at the time the patent issued, that the angle of stream might be varied. Since in the case at bar—in which respect it differs from the Connolly Case—we have to fix some exact boundary, we conclude that, in view of the prior art and the language of the patent, the claims cannot be construed to cover streams delivered at an angle substantially greater than 20 degrees.

As to the machine now alleged to infringe the testimony is conflicting, but we are inclined to think defendant's witnesses have based their statements more on careful measurements, and less on estimates. Upon the whole we think it has been shown that defendant's machines, as made and operated, do not deliver the stream at any less angle than 25 degrees, which seems to be a satisfactory arrangement for modern streets and is not an infringement of the patentee's device. We are also satisfied that defendant's machine has all the elements of the patent claims, except the angle less than 20 degrees, and that it is a very simple and easy job to modify it, so that it will be a complete infringement. The mere lengthening of the pipes a very few inches, and a trifling regulation of the position of the nozzle, will make any one of defendant's machines an infringing device. As at present organized these machines would probably not commend themselves to a municipality which had streets paved with cobble or blocks with earth interstices, but the changes which would adapt it for use there are so slight that there must be a constant temptation to make them. However, until that temptation has been yielded to, we cannot find that the patent has been infringed, and therefore affirm the decree dismissing the bill, with costs of this appeal to defendants.