## SANITARY STREET FLUSHING MACH. CO. v. CITY OF AMSTERDAM.

(District Court, N. D. New York. September 9, 1914.)

PATENTS (§ 328*)—INFRINGEMENT—STREET FLUSHING MACHINE.

> A preliminary injunction against a city as a user to restrain alleged infringement of the Ottofy patent, No. 795,059, for a street flushing machine denied, on evidence leaving it in doubt whether the patent, as limited in prior decisions, was infringed by the machine as used by defendant.

In Equity. Suit by the Sanitary Street Flushing Machine Company against the City of Amsterdam. On motion for preliminary injunction. Denied.

C. V. Edwards, of New York City, for complainant.
Duell, Warfield & Duell, of New York City, for defendant.

RAY, District Judge. Complainant sues for an injunction to restrain alleged infringement by defendant, *as a user* of a flushing machine, of United States letters patent No. 795,059, dated July 18, 1905, for "street flushing machine," issued to Leopold F. Ottofy, assignor to the American Street Flushing Machine Company, and also to recover, on an accounting, profits and damages for such infringement. An action by complainant is also pending against the maker of such alleged infringing flushing machine, in which action an injunction is sought and also a recovery of profits and damages. The validity of this Ottofy patent has been adjudicated and sustained in this circuit. By that this court is bound. The patent was so narrowed, however, by that decision that defendant's flushing machine does not infringe unless defendant uses and operates it with the discharge nozzles so set or adjusted that the water from the tank is discharged on the pavement at an angle of 20 degrees or less.

It seems that no element of this machine is new; that the combination is not new except in the single feature of the setting of the discharge nozzles so as to discharge the water from the tank of the machine upon the pavement to be flushed at an angle of 20 degrees or less. The defendant, the City of Amsterdam, owns one of these traveling flushing machines, known as the Studebaker street flushing machine,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and it is claimed by the complainant that the city, by its employés, so sets the nozzles of this machine that when in operation the water forced from the nozzles actually strikes the pavement at a prohibited angle. It is evident that the water ejected from the nozzle in a straight line, parallel with the surface of the street, would eventually drop down upon the surface, some in the form of spray or very small drops, etc. Each and every drop, or particle, would have more or less of the scour-ing effect spoken of in the patent and then would move on an incline, if any, and move the dust or dirt more or less. The idea of the patent is, however, to have the stream, a broad, flat, and thin stream, strike the pavement under the impulse of the pressure from within the tank, and so act to scour and stir up the dirt on the surface, and then under the same impulse, but of a much lesser degree, move on towards the gutter, carrying with it the loose and loosened dirt. The patent says,

"In flushing or washing devices, on the contrary, it is necessary to localize the distribution of water and to have it strike with considerable velocity at an angle *depending upon the nature of the surface*, so as to have first a scour-ing and then a flushing effect to carry off before it the loosened material."

Also:

"At the same time the water is delivered in a flat sheet nearly parallel with the street, and washes the dirt forward and outward without injuring the pavement."

This patent had reference particularly, in some of its details, to pave-ments constructed of blocks of wood or stone laid side by side and hav-ing the interstices filled in with sand, dirt, or other material liable to be washed out by a stream of water forcibly applied downwardly. If we elevate the mouth of the long nozzle throwing a thin stream above the horizontal line, the water will fall in a spray or drops, and the machine will act as a sprinkler. The water will run downhill into the gutters of course, and if in sufficient quantity carry the loose dirt, or most of it, with it, but the idea of the patent was to have the water strike the pavement at such an angle that, under the impulse given by the pressure behind it, it would be forced along towards the gutter. It is the old idea of the boy or man who, in washing the sidewalk with the ordinary hose and using the flat, elongated nozzle, or making the stream flat and wide by applying his thumb to the mouth of the ordinary round nozzle, by changing the elevation or direction of the stream or the distance of the nozzle from the walk, scours certain points on the walk, merely sprin-kles others, and by changing angle and position forces the water and loosened dirt along on the surface in any desired direction. By means of joints in the connections of the nozzles of the sprinkling cart or flushing cart (it may be used as both) the discharged water is or may be sent in any direction, forward, backward, sidewise, or up or down at any desired angle almost. This patentee has *monopolized one direction* out of the many for throwing the stream. In St. Louis Union Trust Company v. Studebaker Corporation et al., the Circuit Court of Ap-peals (Second Circuit), 211 Fed. 980, 128 C. C. A. 478, where the vari-ous litigations as to this patent were referred to, discussed the breadth and scope of the claims of the patent, and then (sustaining the defense of want of proof to warrant a finding of infringement) said:

"We are also satisfied that defendant's machine has all the elements of the patent claims, except the angle less than 20 degrees, and that it is a very simple and easy job to modify it, so that it will be a complete infringement. The mere lengthening of the pipes a very few inches, and a trifling regulation of the position of the nozzle, will make any one of defendant's machines an infringing device. As at present organized these machines would probably not commend themselves to a municipality which had streets paved with cobble or blocks with earth interstices, but the changes which would adapt it for use there are so slight that there must be a constant temptation to make them. However, until that temptation has been yielded to, we cannot find that the patent has been infringed, and therefore affirm the decree dismissing the bill, with costs of this appeal to defendants."

The only question for this court on this motion is, therefore, Does the city of Amsterdam, in using its Studebaker flushing cart (or machine), discharge water at such an angle as to infringe? The complainant presents affidavits on this subject, as does the defendant, and these conflict materially. There has been no opportunity for cross-examination, the best and really the only way of determining satisfactorily whether or not defendant so operates its flusher as to infringe. As I am not satisfied in view of this conflict that defendant operates its machine so as to infringe, I think the motion should be denied, the suit brought to trial, or a final hearing, the witnesses brought into court, where they may be seen, and heard and cross-examined. The court can then get at the merits speedily and much more satisfactorily. The city of Amsterdam is amply responsible, and the delay will be inconsequential. No great and irreparable damage is being inflicted even if there is infringement which is not free from doubt.

It is suggested and was suggested by the court that an injunction restraining defendant from using the machine so as to discharge the stream within the prohibited degree will do no harm. The answer is it would be a finding that defendant has infringed.

Motion denied.