SANITARY STREET FLUSHING MACH. CO. v. STUDEBAKER CORP.

(District Court, D. New Jersey. October 9, 1914.)

No. 313.

INJUNCTION ⬉26—INFRINGEMENT SUITS—ENJOINING PROSECUTION OF OTHER SIMILAR SUITS.

In a suit against a contributory infringer for conniving at or facilitating the unlawful use of a lawful assemblage of parts, capable of lawful use not infringing plaintiff's patent, defendant moved for an order enjoining the institution or prosecution of suits against its customers pending the final determination of the issue between it and plaintiff. Its affidavits showed that the various parts of the machine were identical, and contained no explicit explanation that such parts could not be used in infringement of the patent, or that they had not in fact been so used. Held, that the injunction would be denied, there being a substantial distinction between an action for procuring and contributing to an infringing use, and an action against customers who have bought and taken possession of the machine, and used it in a way specifically prohibited.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49, 54–61; Dec. Dig. ⬉26.]

In Equity. Suit by the Sanitary Street Flushing Machine Company against the Studebaker Corporation. On motion for a stay of proceedings in another action. Motion denied.

See, also, 226 Fed. 797.

HUNT, Circuit Judge. Defendant has moved that an order be entered directing plaintiff to stay all proceedings in the case pending in the United States District Court for the Northern District of New York in Sanitary Street Flushing Machine Company v. City of Amsterdam (see 225 Fed. 389), pending final decision and determination of the issue herein, and directing that plaintiff and its representatives be further enjoined from instituting any other or further suits on the patent herein involved against the defendant or its representa-

tives, or purchasers of defendant's machines, pending the final decision and determination of the issue between the parties herein, and from threatening to institute such suits.

Passing all questions of power in the premises, and assuming that the court may enjoin the parties from proceeding with other suits pending in other courts, as prayed for, I am clear in my mind that this court ought not to use any power so possessed to issue the injunction here prayed for. As I am engaged in the trial of cases from day to day, I shall not be able at this time to elaborate the somewhat complicated history of this litigation. It is enough to say that the suit is one against a contributory infringer in conniving at or facilitating the unlawful use of a lawful assemblage of parts, yet capable of lawful use not infringing the patent.

Defendant may be sued as a user, and it should follow that plaintiff, upon proof of necessary matter on the trial, may enjoin, and may assert rights which will prevent, unlawful use, and may, it would seem, pursue a right of action against customers who have bought and taken possession. At all events, there must be a distinction, which has a substantial foundation, between an action for procuring and contributing to an infringing use and an action against customers who have bought and taken possession of the machine, and who have used it in a way specifically prohibited. Avoiding any confusion of these propositions, and examining the affidavits filed by the defendant, it would appear generally that the various parts of the machines are identical; and yet there is, in the affidavits, no explicit explanation that such parts cannot be used in infringement of the patent in suit, or that they have not in fact been used in such infringement. This matter cannot be overlooked, in view of the vitally important point that it is the particular use of the elements specified in the claims of the patent in suit that may form the basis for a monopoly which plaintiff may maintain.

The case of Kryptok Company v. Stead Lens Company, 190 Fed. 767, 111 C. C. A. 495, 39 L. R. A. (N. S.) 1, is well reasoned, and, as applied to the motion for an injunction, constrains a conclusion against any interference at this time by this court with the right of the plaintiff to sue in another court of co-ordinate jurisdiction. Of course, nothing said herein in any way can conflict with the general rule that a court of equity may upon proper showing so regulate the trial of its calendar as not to require parties to go to unnecessary expense and duplication of work.

Motion for injunction denied.