KANSAS CITY, MO., v. SANITARY STREET FLUSHING MACH. CO.

(Circuit Court of Appeals, Eighth Circuit. July 6, 1915.)

No. 4420.

1. APPEAL AND ERROR ⬤➡954—INTERLOCUTORY INJUNCTION—DISCRETION.
    The granting of a preliminary injunction, resting in the sound judicial discretion of the trial court, may not be reversed without clear proof of abuse of that discretion.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3818–3821; Dec. Dig. ⬤➡954.]

2. PATENTS ⬤➡298—INFRINGEMENT—STREET FLUSHING MACHINE—PRELIMINARY INJUNCTION.
    There being substantial evidence in a suit for infringement of the Ottofy patent, No. 795,059, for a street flushing machine, that defendant's machines are not identical with machines held not to infringe, but differ from them in the material respect that they throw a stream at an angle less than 20 degrees, there was no abuse of discretion in granting a preliminary injunction.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 478; Dec. Dig. ⬤➡298.]

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Suit in equity by the Sanitary Street Flushing Machine Company against the City of Kansas City. From an order granting a preliminary injunction, defendant appeals. Affirmed.

F. P. Warfield, of New York City (C. H. Duell, H. S. Duell, and R. W. France, all of New York City, on the brief), for appellant.

C. V. Edwards, of New York City (Edwards, Sager & Wooster, of New York City, on the brief), for appellee.

Before SANBORN and CARLAND, Circuit Judges, and TRIE-BER, District Judge.

TRIEBER, District Judge. This is an appeal from an order of the District Court granting a preliminary injunction against the city of Kansas City, Mo., the defendant in the court below, restraining it from the use of two pneumatic flushing machines purchased from the Studebaker Corporation, and alleged to be an infringement of patent No. 795,059, granted to Ottofy July 18, 1905.

For the appellant it is claimed that the question is res adjudicata by reason of the decision of the Circuit Court of Appeals for the Second Circuit in St. Louis Union Trust Company v. Studebaker Corporation et al., 211 Fed. 980, 128 C. C. A. 478. The parties to this action are, in fact, the same as those in that case. In that case the court said:

"As to the machine now alleged to infringe the testimony is conflicting, but we are inclined to think defendant's witnesses have based their statements more on careful measurements and less on estimates. Upon the whole we think it has been shown that defendant's machines, as made and operated, do not deliver the stream at any less angle than 25 degrees, which seems to be a satisfactory arrangement for modern streets and is not an infringement of the patentee's device. We are also satisfied that defendant's machine has all the elements of the patent claims, except the angle less than 20 degrees, and that it is a very simple and easy job to modify it, so that it will be a complete infringement. The mere lengthening of the pipes a very few inches, and a trifling regulation of the position of the nozzle, will make any one of defendant's machines an infringing device. As at present organized these machines would probably not commend themselves to a municipality which had streets paved with cobble or blocks with earth interstices, but the changes which would adapt it for use there are so slight that there must be a constant temptation to make them. However, until that temptation has been yielded to, we cannot find that the patent has been infringed, and therefore affirm the decree dismissing the bill, with costs of this appeal to defendants."

In the instant case it was shown by the affidavit of Professor Francis E. Nipher, of the Department of Physics of Washington University, at St. Louis, Mo., who by permission of the authorities of Kansas City, and in the presence of that city's deputy street cleaning commissioner, and also in the presence of Mr. A. M. Reece, of the engineering staff of the Kansas City Southern Railway Company, and Mr. Sutter, president of the appellee company, examined the machines, that he observed the operation of them and took careful measurements of the nozzle settings and delivery of the sheet of water. The result of these measurements, having been tabulated by him, shows the angles of the streams to be as follows:

966 224 FEDERAL REPORTER

Wagon No. 21, right side of wagon, inner end of slit, 18 degrees; outer end of slit, 10 degrees; left side of wagon, inner end of slit, 21½ degrees; outer end of slit, 10 degrees.

Wagon No. 22, right side of wagon, inner end of slit, 17¾ degrees; outer end of slit, 8 degrees; left side of wagon, inner end of slit, 16 degrees; outer end of slit, 9¼ degrees.

These measurements of Prof. Nipher were corroborated by Mr. Reece and Mr. Sutter. The accuracy of the measurements has not been contradicted by any direct or positive testimony. The only affidavit presented to the court in which their accuracy is questioned is that of Mr. Edwin W. Hammer, in which he states that:

"From reading the affidavit of Prof. Nipher he finds them very sketchy and general in their terms, and especially lacking in detailed information as to the conditions under which the tests were made."

Mr. Hammer has not seen the machines used in Kansas City; he is a consulting engineer residing in East Orange, N. J., and, as he says:

"It was upon the results of my investigation of the Studebaker street flushing machines that the Circuit Court and the Court of Appeals found that such machines did not and could not (without reconstruction) infringe the sustained claims of such Ottofy patent."

[1] As it is the well-settled rule of this court that "the granting or dissolution of an interlocutory injunction rests in the sound judicial discretion of the court having original jurisdiction," and as the District Court has not departed from the rules and principles of equity established for its guidance, its orders in this regard may not be reversed by the Appellate Court without clear proof that it abused its discretion. The question is not whether the Appellate Court would have made or would make the order. It is to the discretion of the trial court, not to that of the Appellate Court, that the law has intrusted the power to grant or dissolve such an injunction, and the question here is: Does the proof clearly establish an abuse of that discretion by the court below? American Grain Separator Co. v. Twin City Separator Co., 202 Fed. 202, 120 C. C. A. 644; Wayne Mfg. Co. v. Coffield Motor Washer Co., 209 Fed. 614, 126 C. C. A. 608.

[2] As there is substantial evidence that the machines used by the appellant are not identical with the machines before the New York court, but differ from them in the very matter upon which the patent was by that court held not to be infringed, the nozzle of the Kansas City machines throwing a stream at less than 20 degrees, there was no abuse of discretion in awarding the preliminary injunction.

The decree is affirmed.