SANITARY STREET FLUSHING MACH. CO. v. CITY OF AMSTERDAM.

(District Court, N. D. New York. August 11, 1915.)

1. PATENTS ☞327—SUIT IN EQUITY—PREVIOUS ADJUDICATIONS.
　　The District Court is bound, as to the validity of a patent, by decisions of the Circuit Court of Appeals holding it valid.
　　[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. ☞327.]

2. PATENTS ☞328 — VALIDITY AND INFRINGEMENT — STREET FLUSHING MACHINE.
　　The Ottofy patent, No. 795,059, for a street flushing machine designed to deliver streams at an angle of 20 degrees or less to the pavement so as to have a scouring effect, was valid, and was infringed by a machine with nozzles so attached that it might, and when in use did at times, discharge water onto the pavement within the angle of 20 degrees.

3. PATENTS ☞327—SUIT IN EQUITY—PREVIOUS ADJUDICATIONS.
　　A decision that a street flushing machine involved in a prior suit had not then been so adjusted and used as to infringe was not an adjudication that the machine of the same make used by defendant was not an infringing machine or was incapable of being so adjusted as to infringe when in use.
　　[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. ☞327.]

In Equity. Suit by the Sanitary Street Flushing Machine Company against the City of Amsterdam to restrain alleged infringement by defendant, as a user of a street flushing or washing machine, so called, of United States letters patent granted to Leopold Otto Ottofy, assignor to American Street Flushing Machine Company, and for an accounting. Decree for an injunction and an accounting.

See, also, 216 Fed. 190.

C. V. Edwards, of New York City, for complainant.
Duell, Warfield & Duell, of New York City, for defendant.

RAY, District Judge. In St. Louis Trust Company, as Trustee, v. Studebaker Corporation et al., 211 Fed. 980, 128 C. C. A. 478, the Circuit Court of Appeals in this, the Second Circuit, held the patent above referred to valid for the reason it provides for discharging the water upon the pavement through pipes and flat nozzles at an angle of 20 degrees and less and that this was the most efficient angle of discharge for flushing pavements. That court also held:

"As to the machine now alleged to infringe the testimony is conflicting, but we are inclined to think defendant's witnesses have based their statements more on careful measurements, and less on estimates. Upon the whole, we think it has been shown that defendant's machines, as made and operated, do not deliver the stream at any less angle than 25 degrees, which seems to be a satisfactory arrangement for modern streets and is not an infringement of

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the patentee's device. We are also satisfied that defendant's machine has all the elements of the patent claims, except the angle less than 20 degrees, and that it is a very simple and easy job to modify it, so that it will be a complete infringement. The mere lengthening of the pipes a very few inches, and a trifling regulation of the position of the nozzle, will make any one of defendant's machines an infringing device. As at present organized, these machines would probably not commend themselves to a municipality which had streets paved with cobble or blocks with earth interstices; but the changes which would adapt it for use there are so slight that there must be a constant temptation to make them. However, until that temptation has been yielded to, we cannot find that the patent has been infringed, and therefore affirm the decree dismissing the bill, with costs of this appeal to defendants."

The bill was dismissed by Judge Hough on the ground of noninfringement and the Circuit Court of Appeals affirmed.

In American Street Flushing Co. v. D. Connolly Boiler Co., 198 Fed. 99, 117 C. C. A. 285, the same court held the same patent valid and also infringed by another device.

[1, 2] The defendant here is using one of the Studebaker machines. This court is, of course, bound, as to the validity of the patent, by these decisions. The so-called machine is very simple. It consists of a tank on wheels, which tank holds water under pressure. There are pipes for discharging the water through flat-mouthed nozzles so set near the surface of the street and near the rear wheels as to discharge the water forwardly and outwardly (not at right angles to the cart) and upon the pavement at an angle of less than 20 degrees. As the water is under pressure, it is discharged with more force than the pressure behind would otherwise be, and, as it is discharged forwardly and outwardly and strikes the pavement within the angle mentioned, the water has a scouring effect as it strikes, and together with the loose and loosened dirt is carried forwardly and outwardly, and, on a sloping street, operates to carry the dirt towards or into the gutter. The patentee had in mind the protection of the front wheels of the vehicle carrying the tank, pipes, and other apparatus from getting wet, and also the protection of the legs of the animals drawing same. The main idea seems to have been to scour the pavement without digging into it or between the blocks composing it and to direct the flowing stream of water and dirt forwardly and outwardly. As we have seen, this Studebaker machine, which did not, in the case first referred to, actually discharge the water so as to strike the pavement within the prohibited angle of discharge, was held not to infringe. In short, the Studebaker machine does not infringe unless so constructed, set, or arranged as to discharge the water on the pavement; that is, cause it to strike the pavement within the angle of less than 20 degrees, which is a most efficient angle of discharge and contact. With the numerous flexible jointed nozzles of the present day it is easy to so turn and adjust the nozzle as to discharge the water in several directions and even convert the machine into a mere sprinkler.

I assume, from the language of the opinion of the Circuit Court of Appeals above quoted, that when one of these Studebaker machines has its nozzles so attached and set that it will and does, when in use, discharge the water or a considerable part of it onto the pavement,

even a part of the time, within the prohibited degree of actual contact, that is, within the angle of 20 degrees, it becomes an infringing machine. I saw these machines, or one of them, and these attachments, in actual operation, and also heard the testimony. That defendant's machine can discharge water from the flat nozzle so as to strike the pavement within the prohibited or monopolized degree cannot be doubted. As set and operated in the streets of Amsterdam, measurements of this angle of impact were taken, and, while there is difficulty and uncertainty in fixing the exact angle of impact as is obvious to one who watches its operation, I am of the opinion, and find, that the users of this machine owned and operated by the defendant were not careful as to the angle of discharge and impact and actually did discharge the water at times, at least, when flushing the streets of Amsterdam, so it struck the pavement within the 20 degrees angle. Hence I must find that defendant in using this machine has infringed the patent in suit.

This court is bound by the decisions referred to in the Second circuit, and as the great weight of evidence is that defendant did, at the time observations were made, discharge the water from its machine upon the pavements of the streets of the city of Amsterdam within the monopolized angle, the various parts of the flushing machine itself being either duplications or equivalents of the Ottofy machine and similarly combined, I am compelled, as stated, to find infringement.

[3] The defendant contends that the decision heretofore rendered between the same parties or their privies that in a given case (the case referred to) the Studebaker machine, constructed like this Amsterdam machine in question, did not infringe—was not an infringing machine—is res adjudicata here. I do not think this contention can be maintained. There has been no adjudication that a machine like the alleged infringing machine used by this defendant is incapable of being so adjusted by slight changes as to infringe when in use. It was adjudicated that the machine like this and in question then had not been so adjusted and used as to infringe and hence there was no infringement proved.

Here this defendant has either yielded to temptation or by carelessness so adjusted the pipes and nozzles of the machine as to infringe.

There will be a decree for an injunction and an accounting, with costs.