SANITARY STREET FLUSHING MACH. CO. v. STUDEBAKER CORPORATION.

(District Court, D. New Jersey. August 27, 1915.)

No. 313.

1. PATENTS ☜➾297—PREVIOUS ADJUDICATION—PERSONS CONCLUDED—SUBSEQUENT ASSIGNEE.

An assignee can have no higher rights by virtue of the assignment than the assignor possessed, and if such rights had been limited by previous litigation the assignee takes them as thus limited.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; Dec. Dig. ☜➾297.]

2. PATENTS ☜➾297—INFRINGEMENT SUITS—RES JUDICATA.

A decree in an infringement suit, holding that the defendant did not infringe, is a bar to a second suit on the same patent and between the same parties or their privies, unless it is alleged and shown by complainant that the issues are not the same.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; Dec. Dig. ☜➾297.]

In Equity. Suit by the Sanitary Street Flushing Machine Company against the Studebaker Corporation. Decree of dismissal.

Edwards, Sager & Wooster, of New York City, for plaintiff.
Duell, Warfield & Duell, of New York City, for defendant.

ORR, District Judge (specially presiding). In this patent case, upon application by defendant, under equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), the court—

"ordered that, before the trial of the principal cause, the question raised by paragraphs 7 and 8 of defendant's answer, as to whether the issues and parties herein and the same as in a cause heretofore finally heard and determined in the United States District Court for the Southern District of New York, and affirmed by the United States Circuit Court of Appeals for the Second Circuit, be separately heard and disposed of, and that the said question be referred to one or more special masters, examiners, or notaries public to be agreed upon by the parties to take the depositions of witnesses and report the evidence taken to the court for its determination."

In pursuance of said order the evidence has been taken. The question has been argued by counsel and is now before the court for determination. The evidence sustains the contention of defendant and requires a dismissal of the bill.

Late in 1912 the St. Louis Union Trust Company, as trustee, filed its bill in the District Court for the Southern District of New York, averring title to letters patent of the United States No. 795,059, issued to Leopold Frank Ottify, charging infringement of the claims of said

patent by the Studebaker Corporation and by Studebaker Bros. Company, who were made defendants, and praying the customary relief. The bill contained the averment that Studebaker Bros. Company was "agent" for the Studebaker Corporation. Evidence in support of the bill was to the effect that the former were the selling agents for the latter and that the former owned all the stock of the latter. There was such privity between them that either would be affected by a decree against the other upon the subject-matter of the litigation.

[1] On March 10, 1913, St. Louis Union Trust Company, as trustee, filed its bill in this court averring title to said patent, charging infringement of the claims of said patent by the Studebaker Corporation alone, which was made defendant, and praying the customary relief. After the entry of the order first above referred to, it was made to appear to the court that the Sanitary Street Flushing Machine Company had succeeded to all the title and rights of the original plaintiff and an order was therefore made substituting it as plaintiff. An assignee can have no higher rights by virtue of the assignment than the assignor possessed. If such rights had been limited by previous litigation, the assignee takes them as thus limited. In other words, he is not to be deemed a stranger to litigation with respect to property subsequently acquired by him, if his predecessor in title was a proper party thereto. The substituted plaintiff, therefore, as well as the original plaintiff in the case at bar, is bound by the decree of the court in the Second circuit with respect to the issues there decided. A conclusion must be reached that the parties to the present suit are substantially the same as in the prior suit.

[2] Whether the issues in the New York suit were the same as those in the case at bar is the next question. In all material matters, the bills are substantially the same. In each is the positive, but unsatisfactory and vague, charge of infringement by manufacturing and offering for sale large quantities of street flushing machines containing and embodying the inventions claimed in the letters patent. In the earlier bill, infringement is charged as committed in the Southern district of New York *and elsewhere.* In the later, the territory is designated as in the district of New Jersey *and elsewhere.* There is no allegation in the later bill that any of defendant's acts are of a different character in any respect, or that different claims of the patent are involved, or that defendant is manufacturing a flushing machine different, from those involved in the earlier suit. Both bills, from their general language, indicate that plaintiff is aggrieved by defendant's manufacture and sale of a standard form of machine in large quantities. That this is correct with respect to the earlier case appears from the evidence offered by the plaintiff therein. The issue as to the tort of infringement related to a standard street flushing machine which defendant was manufacturing and selling. No particular machine or machines were the subject of the litigation. In the case at bar, plaintiff at the instance of defendant filed the following bill of particulars:

"Plaintiff, pursuant to order of court herein of even date herewith, specifies as machines upon which it will rely as constituting evidence in substantiation of its claim of infringement the following:

"(1) Machines manufactured and used or sold by defendant, or its agent, to the city of Rensselaer, N. Y., and the city of Amsterdam, N. Y., together with other like machines manufactured and used or sold by defendant, or its agent, in other cities and towns in the United States.

"(2) Rensselaer, N. Y., Amsterdam, N. Y., and other cities and towns in the United States.

"(3) Upon information and belief, plaintiff states that said machines are owned by the respective cities above stated, and used by such cities by which owned. Also other like machines sold or leased by defendant, or its agent, to other cities and towns in the United States."

It will be noticed that each of the machines particularly specified in the foregoing is located within the Second circuit, and not in this district, and that there is no suggestion therein that any machine is different from those complained of in the earlier case. The evidence taken under the order of this court clearly shows that the machines of the defendant's manufacture run "true to type," and that there is no difference as between them with respect to the relation of the nozzle to the street. The plaintiff, having brought suit in this court upon the same patent which was before the courts of the Second circuit against the same defendant, ought to have alleged and shown that the issues were not the same, because the presumption is that the issues were the same in the absence of a showing to the contrary. Hubbell v. United States, 171 U. S. 203, at top of page 209, 18 Sup. Ct. 828, 43 L. Ed. 136.

The Court of Appeals of the Second Circuit held that the patent was valid, and that the defendant was not guilty of infringement. St. Louis Union Trust Co. v. Studebaker, 211 Fed. 980, 128 C. C. A. 478. The decree entered dismissing the bill was sustained. The rights of the parties were there established, and must be recognized by them. Kessler v. Eldred, 206 U. S. 285, 27 Sup. Ct. 611, 51 L. Ed. 1065.

There having been a previous decree upon the merits in a suit between the same parties upon the same subject-matter, the bill must be dismissed, at plaintiff's costs.

### Decree.

And now, to wit, August 25, 1915, this matter came on to be heard, was argued by counsel, and thereupon, upon consideration thereof, it was ordered, adjudged, and decreed as follows: That the bill be dismissed, at the cost of the plaintiff.