## SANITARY STREET FLUSHING MACH. CO. v CITY OF AMSTERDAM.

### (Circuit Court of Appeals, Second Circuit. December 14, 1915.)

### No. 161.

PATENTS ⬅328—INFRINGEMENT—STREET-FLUSHING MACHINE.

The Ottofy patent, No. 795,059, for a street flushing machine, *held* infringed by a machine which, as used by defendant, discharged the stream of water onto the pavement at an angle of less than 20 degrees.

Appeal from the District Court of the United States for the Northern District of New York.

Suit in equity by the Sanitary Street Flushing Machine Company against the City of Amsterdam. Decree for complainant, and defendant appeals. Affirmed.

For opinion below, see 225 Fed. 389. See, also, 216 Fed. 190.

This cause comes here upon appeal from a decree holding a patent valid and infringed. The patent is No. 795,059, granted July 18, 1905, to Leopold F. Ottofy, for a "street flushing machine." The specification states that "in flushing or washing devices it is necessary to localize the distribution of water and to have it strike with considerable velocity at an angle depending upon the nature of the surface, so as to have first a scouring and then a flushing effect to carry off before it the loosened material." It is necessary to quote merely the first claim, which sufficiently indicates the combination of the patent:

1. "In a traveling street washing machine the combination with a tank adapted to contain water under pressure of a nozzle or nozzles located near the plane of the points upon which the machine is supported, and having narrow elongated delivery apertures which open towards the front of the machine and are substantially parallel to said plane, said nozzles being constructed to deliver water under pressure nearly parallel to said plane."

The opinion of Judge Ray from which this appeal is taken will be found in 225 Fed. 389.

Duell, Warfield & Duell, of New York City (C. H. Duell, F. P. Warfield, H. S. Duell, and R. W. France, all of New York City, of counsel), for appellant.

Edwards, Sager & Wooster, of New York City, for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

LACOMBE, Circuit Judge (after stating the facts as above). Few patents have produced such a voluminous collection of judicial literature as this one has. It was last before us with an alleged infringing device in January, 1914, in the cause entitled St. Louis Trust Company v. Studebaker Company, opinion reported 211 Fed. 980, 128 C. C. A. 478. We then enumerated the prior decisions, as follows: St. Louis Street Flushing Machine Company v. American Street Flushing Machine Company, 156 Fed. 574, 84 C. C. A. 340. The same suit produced opinions reported in 180 Fed. 759, and 192 Fed. 121, 112 C. C. A. 582. American Street Flushing Company v. D. Connolly Boiler Company, a long opinion by Judge Hazel (not reported), which was affirmed by us in 198 Fed. 99, 117 C. C. A. 285. When the patent was last here we stated that in the opinions enumerated above there would be found a sufficient statement of the facts relating to invention, prior art, and construction of the claims, and then discussed some references to the prior art which had not been theretofore considered. We reaffirmed the validity of the patent, frequently sustained in the earlier decisions, and discussed the scope of the claims at some length, concluding with this statement:

"As to the machine now alleged to infringe, the testimony is conflicting, but we are inclined to think the defendant's witnesses have based their statements more on careful measurements and less on estimates. Upon the whole, we think it has been shown that defendant's machines as made and operated do not deliver the stream at a less angle than 25 degrees, which seems to be a satisfactory arrangement for modern streets and is not an infringement of the patentee's device. We are also satisfied that defendant's machine has all the elements of the patent claims, except the angle less than 20 degrees, and that it is a very simple and easy job to modify it, so that it will be a complete infringement. The mere lengthening of the pipes a very few inches, and a trifling regulation of the position of the nozzle, will make any one of the defendant's machines an infringing device. As at present organized, these machines would probably not commend themselves to a municipality which had streets paved with cobble or blocks with earth interstices; but the changes which would adapt it for use there are so slight that there must be a constant temptation to make them. However, until that temptation has been yielded to, we cannot find that the patent has been infringed, and therefore affirm the decree dismissing the bill, with costs of this appeal to defendants."

When this deliverance was filed we assumed that, in the absence of some additional bit of prior art not theretofore presented (and none is here presented), there would be an end of judicial discussion as to the validity of the patent, or the construction of its claims. Our assumption has proved to be fallacious. Since then these questions have come before the courts in Sanitary Street Flushing Machine Company v. Studebaker Company (October 9, 1914, District of New Jersey) 229 Fed. 591; Same v. City of St. Louis (July 8, 1914, Eastern District of Missouri, not reported); Same v. City of Kansas City (October, 1914, Western District of Missouri, not reported); Kansas City v. Sanitary Street Flushing Mach. Co. (C. C. A. 8th Circuit) 224 Fed. 964, 140 C. C. A. 456.

The suit which was before us in 211 Fed. 980, 128 C. C. A. 478, was brought against the Studebaker Company, a manufacturer of street flushing machines. The suit now at bar is brought against the

city of Amsterdam, which uses a street flushing machine, and the defense is conducted by the Studebaker Company, which made that machine and sold it to the city of Amsterdam.

The quotation above from our last opinion did not seem to us to be especially obscure; indeed, when we defined a precise angle of delivery (20 degrees), we supposed the last element of uncertainty in the construction of the claims was eliminated. Judge Ray evidently found no difficulty in understanding what we held. He says:

"I assume from the language of the Circuit Court of Appeals above quoted that when one of these Studebaker machines has its nozzle so attached and set that it will and does, when in use, discharge the water or a considerable part of it onto the pavement, even a part of the time, within the prohibited degree of actual contact—that is, within the angle of 20 degrees—it becomes an infringing machine."

This assumption of Judge Ray is entirely correct, and since this suit is against a user only it makes not a particle of difference who made the machine, nor in what condition it was when it left the maker's factory and came into the possession of the user. The only question to be considered is: As used, does it infringe?

The cause was tried in open court. Judge Ray had the benefit of hearing and seeing the witnesses, and found that the defendant the city of Amsterdam had used a Studebaker machine with the nozzle so attached and set as to discharge within the prohibited degree. There is much testimony in the record about a so-called "Rensellaer" machine; but, since the user of that machine is not a defendant here, the testimony is unimportant. Perusal of the testimony of the witnesses who testified to this Amsterdam machine suggest not the slightest ground for reversing the District Court on that simple finding of fact.

Since that is the only question left in the case, the decree is affirmed, with costs.